EMMA COLLINS, a Widow, v. MURRAY E. HALL.

157 So. 646.
Division B.
Opinion Filed November 17, 1934.

*Alto Adams,* for Plaintiff in Error;

*Fee & Liddon,* for Defendant in Error.

BROWN, J.—Plaintiff in error's husband was injured in an automobile accident which occurred on January 24th, 1928. He brought suit therefor against the owner and driver of the car, defendant in error here, with whom he was riding as an invited occupant, alleging negligent driving as the cause of his injury. This suit was begun in July, 1928, and resulted in a final judgment in favor of the defendant on demurrer to the amended declaration, rendered on July 12, 1929. Writ of error was sued out to this Court, which writ was by this Court dismissed on motion of defendant in error on August 17, 1931. See 135 So. 909.

The husband having died in April, 1931, this action was brought by the widow on September 24, 1931, more than three years after the accident, for damages for the wrongful death of her husband, under Sections 7047-7048, Comp. Gen. Laws. The defendant pleaded the general issue, the statute of limitations, and a plea referred to as plea of *res judicata,* but the allegations show it to be, in substance, a plea of estoppel by judgment, there being lack of identity in the party plaintiff and in the element of damages claimed. See 34 C. J. 902, *et seq.;* 21 C. J. 1064.

The latter plea alleged that the negligent act of the defendant which the widow, in her declaration, alleged had caused the injury and death of her husband, was the same alleged act of negligence which the husband had sued for in his lifetime as being the cause of his injury, and that the

judgment rendered therein against the husband was a final adjudication in favor of the defendant to the effect that, under the facts alleged, he was not liable for the injury or injuries received by plaintiff in error's husband, and from which injuries so received she alleged he subsequently died. The allegations of negligence in the declaration in both suits are practically identical. Plaintiff in error demurred to both pleas, which demurrer was overruled.

The court below was without error in upholding the sufficiency of the plea of estoppel by judgment. Under the statute, Section 7047 C. G. L., the widow had no cause of action for the death of her husband unless in the language of the statute, the negligence alleged as the cause of such death was "such as would, if death had not ensued, have entitled the party injured thereby to maintain an action and to recover damages in respect thereof." This issue, going to the existence of the cause of action against the defendant, had been adjudicated adversely to plaintiff in error's husband in the action brought by him in his lifetime. See 17 C. J. 1250; Harris v. Illinois Cent. R. Co., 111 Miss. 623, 71 So. 878; Note, L. R. A. 1915 E. 1152.

In Duval v. Hunt, 34 Fla. 85, 15 So. 876, it was held that:

"No recovery can be had for the death of anyone caused by the wrongful act, negligence, carelessness or default of another, unless the wrongful act, negligence, carelessness or default from which the death ensues was such as would have entitled the deceased person to a recovery of damages had death not ensued. If, for any reason, the deceased person would have been defeated or barred from recovery, had he been alive and suing for personal injury only, then the same reason or cause for his bar or defeat, will bar and defeat a recovery for his death by anyone suing on that behalf."

See also Carter v. Arnold Lumber Co., 83 Fla. 470, 91 So. 893. And in O'Brien v. Standard Oil Co., 38 Fed. (2nd) 808, it was held that the widow can recover only if the deceased could have recovered had he not died.

True it is that the judgment against the husband was a judgment on demurrer to the declaration in his case, but, as above shown, the allegations of that declaration, and the present one, filed by the wife, as to the negligence charged against the defendant are in substance, and in language, practically identical, and in legal effect the same. 34 C. J. 894, 915. This brings this case within the principles laid down in Prall v. Prall, 58 Fla. 496, 50 So. 867, wherein Mr. Chief Justice WHITFIELD, speaking for the Court, said:

"Where a final judgment or decree is rendered for the defendant on demurrer, the plaintiff is estopped from maintaining a similar or concurrent action or suit for the same cause upon the same grounds that were disclosed in the first suit or action for the reason that the judgment determines the merits of the cause as presented by the pleadings affected by the demurrer. But where a demurrer to a pleading is sustained because essential allegations of fact were omitted from the pleading a final judgment on the demurrer concludes the parties and their privies only as to the sufficiency of the facts as alleged to state a cause of action. In general a final judgment on demurrer is not a bar to a second suit or action for the same cause between the same parties as an estoppel by judgment because of a former adjudication, where the pleadings in the second suit or action supply the essential allegations omitted from the first suit or action, though the conduct of the parties in not presenting the case when an opportunity was afforded may under special circumstances operate as an estoppel in pais. Conclusions of law are not admitted by demurrer." (Citing authorities.)

In discussing the effect of a judgment rendered during the lifetime of the injured person the writer of the able note in L. R. A. 1915 E, at page 1152, says:

"When presented with reference to the effect of a final judgment rendered in the lifetime of deceased as a bar to any action after his death, the real question is, is it a condition requisite to the remedy in favor of the personal representative or statutory beneficiaries given by statutes embodying the principles of Lord Campbell's act, that the claim of the decedent to recover for the injury shall have existed at the time of his death? Does the extinguishment of all claim in behalf of the deceased in his lifetime render the statute in behalf of his statutory beneficiaries inapplicable because without anything to operate upon."

"Upon this point it is to be remembered that before the death of the injured person there was but one cause of action, the action in favor of the injured person to recover for the injury. Undoubtedly, if this cause of action continues unextinguished up to the time of his death, there arises, by virtue of these statutes an action for the benefit of the statutory beneficiaries, 'notwithstanding such death.' Can the conclusion be logically reached, however, that if this cause of action which existed in favor of the injured person, is extinguished prior to his death, there is anything upon which the statute in favor of certain relatives can operate? What action or cause of action does it keep alive, 'notwithstanding the death' of the injured person, when all claim and right of action for the injury has been extinguished prior to the death of the person in whom it vested?

"If the primary right of action has been extinguished in the lifetime of the deceased how can there be substituted for it a right of action in someone else? It is inconceivable that there can be a substitution of a secondary action for

an action which does not exist; that there can be a substitution of something for nothing. Such an absurdity cannot be attributed to the lawmaking power in creating this section, or be inferred from the terms of the statute, which indicate an intent to substitute for the primary action of the injured person an action for the benefit of those suffering pecuniary loss through his death, notwithstanding his death, which extinguished the primary action. The term, 'notwithstanding the death,' is indicative of the intent of the lawmaking power that the primary action must be existing in the decedent at the moment of dissolution."

The question arises whether the cause of action of the injured person in this case had been extinguished during his lifetime; that is, whether the suing out of the writ of error to the adverse judgment against him in the circuit court and the pendency of the case in this Court at the time of his death, kept the cause of action alive and left it unextinguished at his death. The answer is that the adverse judgment of the circuit court extinguished his right of action so long as it remained unreversed, and the suing out of writ of error only gave him a chance to have such judgment reversed and set aside, dependent upon the action of this Court, and that before this Court acted, the plaintiff died, and that when this Court then dismissed the writ of error, it left the original judgment of the circuit court in the same status as if no writ of error had ever been sued out. So, its effectiveness as an estoppel was not impaired.

This makes it unnecessary for us to decide the question relating to the sufficiency of the plea of the statute of limitations; that is, whether, in an action for wrongful death under the statute, the statute of limitations begins to run from the time of the alleged wrongful act causing the death, or from the time of the death subsequently ensuing. However, we might observe in passing that it would appear from

the language of paragraph 6 of Section 4663, Comp. Gen. Laws, construed in the light of what was said in the case of Kirton v. Atlantic Coast Line R. Co., 57 Fla. 87, 49 So. 1024, that the plea of the statute of limitations was also good. Under the statute referred to, "an action arising upon account of an act causing a wrongful death" must be commenced within two years, which, to the writer, indicates that the statute begins to run from the time the act causing the wrongful death is committed.

No reversible error appearing, the judgment of the court below will be affirmed.

Affirmed.

WHITFIELD, P. J., and BUFORD, J., concur.

DAVIS, C. J., concurs in the opinion and judgment.