Action by Leola Epps, as administratrix of the estate of Henry Epps, deceased, against Railway Express Agency, Inc., to recover for damages sustained by deceased during his lifetime as result of defendant's alleged negligence. Judgment for defendant, and plaintiff appeals.
Affirmed.
The appeal is from a judgment entered on the pleadings in favor of the defendant below.
Leola Epps, the widow of Henry Epps, deceased, instituted an action under the death by wrongful act statute against Railway Express Agency, Inc., to recover damages for the alleged wrongful death of her husband caused by the negligence of the defendant. See Sections 768.01, 768.02, Florida Statutes, 1941, F.S.A. The parties went to trial upon the declaration and pleas of not guilty and contributory negligence. The verdict was against the widow and judgment was entered in favor of the defendant. Subsequently, the widow was appointed administratrix of her husband's estate and thereafter instituted the present action against the defendant, under the survival of actions statute, for the damages sustained by the deceased during his lifetime as the result of the negligence. See Sec. 45.11 Florida Statutes, 1941, F.S.A.
In the second suit Railway Express Agency, Inc., filed a plea of estoppel by *Page 132 
judgment averring that the second suit involved the same basic issues as were present in the first suit brought by the widow in her own right, namely, the negligence of the defendant and the contributory negligence of the decedent. The plea averred further that in the former action a verdict was returned by the jury in favor of the defendant upon which a final judgment was entered which still remains in full force; that the former action was for the use and benefit of the widow of the decedent and sought, among other elements of damages claimed, damages for the loss of the services of the decedent in assisting the said widow in the care of the minor son of the parties; that the said widow and minor son are the only heirs at law of the decedent and the only persons entitled to share distributively in the estate of the said decedent.
A demurrer interposed to the plea by the plaintiff was overruled by the trial court and, the plaintiff conceding the facts alleged in the plea to be true and declining to plead further, a final judgment was entered in favor of the defendant.
The question on the appeal is whether the adverse final judgment entered in the prior suit brought under the wrongful death statute by the widow operated as an estoppel by judgment and barred recovery in the subsequent suit by the personal representative of decedent, instituted under the survival of action statute, where both suits were based on the same act of negligence of the defendant and where the benefits of favorable judgments in both suits would inure to the same parties, namely, the widow and the minor son of the decedent.
The appellee maintains that the question is foreclosed by Collins v. Hall, 117 Fla. 282, 157 So. 646, 99 A.L.R. 1086. The appellant submits that the question is ruled by the later case of Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213, 218, entered on rehearing, and that the latter decision must control.
We find no real conflict in the cited cases for each has its clear field of operation. The effect of the ruling in Ake v. Birnbaum is to recognize that where a person dies as the result of the negligent act of another, two separate, distinct and independent rights have been violated. One is the common law right of the injured person to be secure in his person and property — a right which has been invaded by compelling such person to endure pain and suffering and to submit to loss of earnings and other pecuniary losses. The other is the right which the family of the deceased had to the companionship, services and support of the decedent, coupled with the expectancy of a participation in the estate which the decedent might have accumulated had his life not been brought to an untimely end by the infliction of the injury.
The first right is one which might have been sued on by the injured person in his lifetime and which survives to the personal representative where the injured person has not pursued his right of action to final judgment prior to his death, irrespective of whether death is due to the injuries inflicted or arises from independent causes. The second right is one which may be sued on by the widow, or other statutory beneficiary, in the event the injury causes death, without regard to whether the injured person or his personal representative has ever instituted suit on the original cause of action.
Under the first right the recovery is for the damages suffered by the injured person by reason of the injuries inflicted upon him. Under the second right the recovery is for the damages suffered by the widow or other statutory beneficiary for the damages suffered by her or them as the result of the death of the decedent caused by the negligent act of the wrongdoer.
When the principles announced in Ake v. Birnbaum are thus understood it is apparent that no real conflict exists between that case and the earlier case of Collins v. Hall.
The facts in Collins v. Hall were that the appellant Collins was injured while riding in a motor vehicle owned by the defendant Hall. Collins brought suit in the Circuit Court against the owner to recover damages for his injury. A final judgment on *Page 133 
demurrer to the amended declaration was rendered in favor of the defendant. Writ of error was sued out to this Court and was subsequently dismissed on motion of the defendant in error. See Collins v. Hall, 102 Fla. 451, 135 So. 909. Collins died while his appeal was pending in this Court and after the dismissal of the writ of error his widow brought suit in the Circuit Court under the death by wrongful act statute to recover her damages. In this subsequent suit the defendant filed a plea alleging that the negligent act charged in the declaration was the same act of negligence sued on by the husband in his lifetime, and that the judgment rendered against the husband in the prior suit was a final adjudication in favor of the defendant that under the facts the owner was not liable for the injuries received by the deceased husband. A demurrer to the plea was overruled and the widow appealed.
On appeal the ruling of the trial court was affirmed, this Court holding, in effect, that where the decedent sued unsuccessfully in his lifetime to recover damages for his personal injuries the widow could not recover after his death, under the wrongful death statute, in an action that attributed death to the same alleged act of negligence which the husband had sued upon in his lifetime.
We are of the view that the holding in Collins v. Hall is peculiarly applicable to the facts of the case at bar. While the rights of both the personal representative and the widow or other statutory beneficiary to recover damages against the alleged tort-feasor were separate, distinct and independent rights, they nevertheless were necessarily dependent upon the existence of an original right of recovery in the injured person in the first instance. Though the separate suits maintainable by the personal representative and the widow were for the recovery of different items of damage the right of each to sue stemmed directly from the original act of negligence which initially gave rise to a cause of action in favor of the injured party.
Had the first suit brought under the facts involved in the present case been instituted by the personal representative instead of by the widow, we would have had before us a set of facts similar on principle to that involved in Collins v. Hall; because the suit which was being maintained by the personal representative was not an action in a new right but was an action on the original right of the decedent, which merely survived to the personal representative. In such a situation the suit by the personal representative would have been, in legal effect, the suit of the injured person, and under the principle announced in Collins v. Hall an adverse judgment rendered against the personal representative would have constituted an estoppel against the widow in the suit subsequently instituted by her on the same act of negligence.
On principle there can be no good reason that the same conclusion should not be reached when the converse situation is presented. Whether the first suit filed be by the widow or by the personal representative, all suits depend upon the existence of a primary right of recovery in the decedent; the original act of negligence of the tortfeasor must be the gist of all actions maintainable either by the decedent in his lifetime or by the personal representative and the widow after his death.
We hold, therefore, that the trial court did not commit reversible error in overruling the demurrer to the plea and hence that the judgment appealed from should stand affirmed on authority of Collins v. Hall, supra.
It is so ordered.
ADAMS, C.J., and THOMAS and HOBSON, JJ., concur. *Page 134