## REHE v. AIRPORT U-DRIVE, Inc.

Circuit Court, Dade County.
July 31, 1952.

————•————

Robert M. Brake of Turner, Hendrick & Fascell, Coral Gables, for plaintiff.

Knight, Smith & Underwood, Robert F. Underwood, William M. Hoeveler, of counsel, all of Miami, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

Henry Rehe, Jr., a minor, was killed in a collision between two automobiles, in one of which he was riding as a guest.

On April 10, 1952 Henry Rehe, Sr., the father of the deceased minor, brought (under section 768.03 of our statutes) an action against the owner of the automobile in which the son was riding, alleging in the complaint that the son's death was proximately caused by the gross negligence of the driver to whom the owner had entrusted the vehicle for operation. The plaintiff in such former action sought damages for the alleged loss of the son's services and for the mental pain and suffering of both parents. The case was tried July 15, 1952 and the jury returned a verdict of "not guilty". Judgment for the defendant was entered July 18, 1952. The plaintiff's motion for a new trial was denied July 29, 1952. No appeal has been taken, although, of course, the time within which it may be taken has not yet expired.

On June 18, 1952 Henry Rehe, Sr., as administrator of the estate of his deceased minor son, brought (under sections 45.11, 768.01 and 768.02 of our statutes) this second action against the same defendant. The plaintiff administrator seeks in this action damages equal to the estimated value of the estate which the deceased son would have accumulated had he not been killed. The alleged gross negligence of the driver of the defendant's automobile is in this action, as it was in the first action, the gravamen of the complaint.

The defendant pleads, in this action, estoppel by judgment.

It is obvious (and it was expressly admitted by counsel for the plaintiff at the pre-trial conference) that, although the two actions were brought for the recovery of different items of damage, the alleged cause of action in each of the cases "stemmed directly from the original act of negligence."

Because of the admissions and stipulations reflected by the minutes of the pre-trial conference and because of the unchallenged facts averred in the amendment to the defendant's answer, I am impelled by the opinion and decision of our Supreme Court in Epps v. Railway Express Agency, 40 So. 2d 131 (which I think is controlling authority), to grant the defendant's motion for the entry of a summary judgment on the pleadings under common law rule 13(c). There is (because of my ruling on the legal question presented) no factual issue requiring determination by a jury.

It is accordingly ordered and adjudged that the plaintiff, Henry Rehe, Sr., as administrator of the estate of Henry

Rehe, Jr., deceased, take nothing by his writ or action and that the defendant, Airport U-Drive, Inc., a Florida corporation, go hence without day and that it have and recover from the plaintiff its reasonable costs, for the recovery of which, when taxed, execution shall issue.