63 So.2d 66 (1953)
REHE
v.
AIRPORT U-DRIVE, Inc.
Supreme Court of Florida, Division A.
February 6, 1953.
Rehearing Denied February 25, 1953.
*67 Turner, Hendrick & Fascell, Coral Gables, for appellant.
Knight, Smith & Underwood, Miami, for appellee.
MATHEWS, Justice.
This suit involves a plea of estoppel by judgment.
Henry Rehe, Jr., was a passenger in an automobile owned by the appellee, which automobile had been rented by the appellee to Robert K. Waddell. While the car was being driven, the driver lost control of it and the automobile struck a tree. Henry Rehe, Jr. died from the injuries received in the accident.
Henry Rehe, Sr., who was the father of the deceased, brought an action against the owner of the automobile, alleging that the death was proximately caused by the gross negligence of the driver to whom the owner had intrusted the automobile. He sought damages as provided by Section 768.03 F.S.A. for loss of earnings of the minor and compensation for the mental pain and suffering of the parents. The case was tried on July 15, 1952 with the result that the jury returned a verdict of not guilty. Final judgment was entered on July 18, 1952 and a motion for new trial was denied on July 29, 1952.
On the 28th of June, 1952, while the suit of Henry Rehe, Sr. was still pending and before the same was tried and final judgment entered, Henry Rehe, Sr., as administrator of the estate of Henry Rehe, Jr., brought a second action against the appellee.
It is admitted by all parties that this second action arises from the same act, or acts, of negligence as those set forth in the complaint in the first action.
Prior to final judgment in the first action, the appellee filed a plea in the second action denying all allegations of negligence. After judgment in the first action, the appellee promptly, on July 21, 1952, filed a petition to amend its answer, which was granted. The amendment to the answer was filed wherein it was alleged that the facts constituting the wrongful acts of the defendant were the same in the second as those set forth in the complaint in the first action and that by reason of the fact that a verdict and judgment had been rendered in the first action, the plaintiff was estopped from prosecuting the second action.
Appellant filed a motion to strike the plea of estoppel by judgment and on the same day the appellee filed a motion for a judgment on the pleadings. The motions were heard together by the court at a pretrial conference after which the court denied the motion to strike the plea of estoppel by judgment and granted the motion for judgment on the pleadings and entered final judgment. This appeal is prosecuted from that final judgment.
In the final judgment entered by the Circuit Judge, he stated:
"Because of the admissions and stipulations reflected by the minutes of the pretrial conference and because of the unchallenged facts averred in the amendment to the defendant's answer, I am impelled by the opinion and decision of our Supreme Court in Epps v. Railway Express Agency, Fla., 40 So.2d 131 (which I think is controlling authority), to grant the defendant's motion for the entry of a summary judgment on the pleadings under common law rule 13(c), 30 F.S.A. There is (because of my ruling on the legal question presented) no factual issue requiring determination by a jury."
It is clear from this record that the only difference between the two actions is with reference to the element of damages. There is no difference as to the allegations of negligence. It is true that in the suit by the father the measure of damages was the pain and suffering of the parents and the loss of earnings during the minority of the deceased, while in the action by the father, as administrator, the measure of damages would be the value of the estate of the deceased. In either event the same parties would have been the beneficiaries of any amount recovered.
In the case of Epps v. Railway Express Agency, Fla., 40 So.2d 131, 132, this Court *68 held, in an opinion by Mr. Justice Sebring:
"The question on the appeal is whether the adverse final judgment entered in the prior suit brought under the wrongful death statute by the widow operated as an estoppel by judgment and barred recovery in the subsequent suit by the personal representative of decedent, instituted under the survival of action statute, where both suits were based on the same act of negligence of the defendant and where the benefits of favorable judgments in both suits would inure to the same parties, namely, the widow and the minor son of the decedent.
* * * * * *
"We are of the view that the holding in Collins v. Hall [117 Fla. 282, 157 So. 646, 99 A.L.R. 1086] is peculiarly applicable to the facts of the case at bar. While the rights of both the personal representative and the widow or other statutory beneficiary to recover damages against the alleged tortfeasor were separate, distinct and independent rights, they nevertheless were necessarily dependent upon the existence of an original right of recovery in the injured person in the first instance. Though the separate suits maintainable by the personal representative and the widow were for the recovery of different items of damage the right of each to sue stemmed directly from the original act of negligence which initially gave rise to a cause of action in favor of the injured party.
* * * * * *
"On principle there can be no good reason that the same conclusion should not be reached when the converse situation is presented. Whether the first suit filed be by the widow or by the personal representative, all suits depend upon the existence of a primary right of recovery in the decedent; the original act of negligence of the tortfeasor must be the gist of all actions maintainable either by the decedent in his lifetime or by the personal representative and the widow after his death."
The same reasoning applies in this case as that in the case of Epps v. Railway Express Agency, supra.
The latest case on the subject is that of Edwards v. Food Machinery Corporation, Fla., 51 So.2d 303. The opinion in that case was Per Curiam. We have again examined the record in that case and, for all practical purposes, the identical question was presented with the conclusion that the plea of estoppel by judgment was proper.
Affirmed.
HOBSON, C.J., and TERRELL and SEBRING, JJ., concur.