88 So.2d 591 (1956)
MARY A. SHEARN, PLAINTIFF,
v.
ORLANDO FUNERAL HOME, INC., A FLORIDA CORPORATION, DEFENDANT.
Supreme Court of Florida, Division A.
June 8, 1956.
Rehearing Denied July 19, 1956.
*592 Walter E. Smith, S. Victor Tipton and R.L. Williams, Orlando, for plaintiff.
Maguire, Voorhis & Wells, Orlando, for defendant.
HOBSON, Justice.
Hon. Frank A. Smith, Circuit Judge of the Ninth Judicial Circuit, has certified two questions pursuant to Section 59.42, Florida Statutes, F.S.A., and Supreme Court Rule 27, 31 F.S.A. The pertinent portion of his order of certification follows:
"This cause came on for hearing, after due notice, upon motion of defendant that the Circuit Court certify the hereafter stated questions or propositions of law to the Supreme Court for instruction, pursuant to sec. 59.42, Florida Statutes and Rule 27, and it appearing to the undersigned Judge of this Court that there is involved in this cause pending in this Court certain questions or propositions of law that are determinative of the cause and are without controlling precedent in this State, and it further appearing that instruction from the Supreme Court will facilitate the proper disposition of this cause, and the Court being advised in the premises,
"It is ordered that the following questions or propositions of law be and the same are hereby certified to the Supreme Court for instruction, viz.:
"(1) Whether the former adjudication in Case No. 13542, Mary A. Shearn v. Orlando Funeral Home, Inc., is a bar to the present action; and, if not,
"(2) Whether said former adjudication is conclusive as to all issues pertaining to liability of defendant in this cause, leaving for determination only the question of the amount of plaintiff's damages herein.
"It is further ordered and certified that the foregoing questions of law to be answered arise out of the following Statement of Facts showing the nature of the cause and the circumstances, to-wit:

"Statement of Facts
"On August 31, 1952, William J. Shearn was driving his wife's automobile in a westerly direction on Colonial Drive in Orlando, Florida. His wife, Mary A. Shearn, was riding with him in the automobile. Upon arriving at the intersection with Bumby Street, he stopped for a red traffic light, being then in the lane of traffic nearest the center line of Colonial Drive. A west bound ambulance of the defendant was transporting an unconscious patient to the hospital. As the ambulance approached the intersection at a high rate of speed, it swerved to its left, across the center line of Colonial Drive and into the east bound lane. The traffic signal turned green when the ambulance was 100 to 150 feet from the intersection. The ambulance struck the Shearn automobile on the left side as the latter was turning toward the left.
"In a collision on August 31, 1952, William J. Shearn was injured and died on September 5, 1952 and the automobile of Mary A. Shearn was damaged, and Mary A. Shearn was injured in said collision.
"On March 12, 1953, Mary A. Shearn, as Executrix of the last will and testament of William J. Shearn, deceased, filed complaint against Orlando Funeral Home, Inc., in the Circuit Court of Orange County, Florida, Law No. 13541 to recover damages for the pain and suffering of William J. Shearn.
"On March 12, 1953, Mary A. Shearn as widow of William J. Shearn, deceased, filed complaint against Orlando Funeral Home, Inc., in the Circuit Court of Orange County, Florida, Law No. 13542 to recover damages for the death of her husband William J. Shearn.
"Cases Nos. 13541 and 13542 were consolidated for trial, and were tried on December 2-5, 1953, and verdicts for plaintiff were rendered in the respective amounts of $3,000 *593 and $18,000. Final Judgment in favor of Mary A. Shearn in Case No. 13542 for $18,000 and costs against Orlando Funeral Home, Inc., was entered on December 10, 1953.
"On August 5, 1954, Mary A. Shearn filed her complaint against Orlando Funeral Home, Inc., in the Circuit Court of Orange County, Florida, Law No. 14209, to recover damages to her automobile and to recover damages for her personal injuries. At the time of the trial of Circuit Court cases Nos. 13541 and 13542, Case No. 14209 was not at issue and praecipe for docketing in Case No. 14209 was not served by plaintiff's attorney until March 17, 1955.
"In each of the cases, 13541, 13542 and 14209, the allegation of the complaint as to liability of the defendant is the same, viz.: that the driver of defendant's ambulance `negligently and carelessly drove said ambulance of the Orlando Funeral Home, Inc., into and against the automobile.'
"In each of the said cases, 13541, 13542 and 14209, the defenses of Orlando Funeral Home, Inc., are the same, viz.: a denial of negligence on the part of the ambulance driver, and contributory negligence on the part of the automobile driver.
"In case No. 14209, the additional defense of res judicata is interposed, the defendant contending that the final adjudication in Case No. 13542 is a complete bar; and in Case No. 14209 the plaintiff contends that the final judgment in said case No. 13542 is res judicata as to all issues pertaining to liability of defendant in case 14209.
"In Circuit Court case 13542, Mary A. Shearn as the widow of William J. Shearn, deceased, sued the Orlando Funeral Home, Inc., and recovered a judgment which was reviewed by Div. B. of the Florida Supreme Court and opinion was filed October 21, 1955 (case No. 26,630 in Supreme Court). In Circuit Court Case No. 14209, Mary A. Shearn is suing for her personal injuries and damages to her automobile, resulting from said collision. All of the damages claimed in circuit court cases 13542 and 14209 are the result of the same tort and the same evidence is admissible in both cases as to the question of liability only."
The first question which has been posed for our consideration involves a determination of whether the doctrine of res judicata is applicable. We have concluded that such doctrine is not applicable because, although the parties are the same in the instant suit as in the former, the cause of action is different. The prior litigation was predicated upon our wrongful death statute which had for its very purpose the creation of a cause of action where none existed at common law. "It is * * * well settled that our Wrongful Death Act creates in the named beneficiaries `an entirely new cause of action, in an entirely new right * * *.'" Shiver v. Sessions, Fla., 80 So.2d 905, 907. Although no thoroughly satisfactory definition of a cause of action has been laid down by the authorities, it is generally conceded under the modern view that a cause of action is the right which a party has to institute a judicial proceeding. In this suit Mary A. Shearn is pursuing her common law right to redress for injury to her person and property. She cannot be accused of violating the rule against splitting a cause of action because she is not suing here for different elements of damage of the same cause of action, but is maintaining this separate suit on a separate cause of action arising out of the same incident or occurrence.
All the facts essential to the maintenance of the two suits under consideration herein are not identical nor would the same evidence sustain both. In the prior suit one of the essential facts to be established was the death of Mr. Shearn as a result of the alleged negligence of the defendant, Orlando Funeral Home, Inc., which showing obviously is not essential to the maintenance of the present litigation. On the other hand, it is essential to the maintenance of this suit that Mrs. Shearn establish injuries to her person and to her property, which showing was wholly unnecessary, as well as improper, in the former case *594 predicated upon our death by wrongful act statute, F.S.A. §§ 768.01-768.04. The question of Mrs. Shearn's right to maintain an action for personal injuries and damages to her property does not fall within the purview of the first action under the so-called wrongful death statute.
We answer the first certified question by saying that the adjudication of the prior suit (Case No. 13542) does not constitute a bar to the present action, and we hold specifically that the defense of res judicata is not available to Orlando Funeral Home, Inc., in this action (Case No. 14209).
Since we have concluded that the parties in both suits are the same but that the cause of action in each is different, it becomes necessary only, in order to answer the second certified question, to determine whether there is in the instant suit any issue pertaining to the liability of Orlando Funeral Home, Inc., which was not presented and adjudicated in the former action.
In the order of certification we find the answer to this query and we quote:
"In each of the cases, 13541, 13542 and 14209, the allegation of the complaint as to liability of the defendant is the same, viz.: that the driver of defendant's ambulance `negligently and carelessly drove said ambulance of the Orlando Funeral Home, Inc., into and against the automobile.'
"In each of the said cases, 13541, 13542 and 14209, the defenses of Orlando Funeral Home, Inc., are the same, viz.: a denial of negligence on the part of the ambulance driver and contributory negligence on the part of the automobile driver."
We have held on more than one occasion that "estoppel by judgment" comes into play when the parties are the same in both actions but the causes of action are different, if the issues  that is to say the points and questions  raised in the second suit were actually presented and adjudicated in the former.
It appears from the order of certification that no issue pertaining to the liability of Orlando Funeral Home, Inc., is created by the pleadings in this suit which was not presented and adjudicated in the prior litigation (Case No. 13542).
Consequently our answer to the second certified question is that the former adjudication in Case No. 13542 is conclusive as to all issues pertaining to liability of Orlando Funeral Home, Inc., in this cause, leaving for determination only the question of the amount of Mary A. Shearn's damages herein.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.