WHITE, Judge.
The appellant administrator was unsuccessful plaintiff below in a tort action for damages against the defendant-appellees. The plaintiff assigns as error an order of the trial court setting aside a default against the defendants and a consequent order entering summary final judgment in favor of the defendants.
This is a companion case to Meehan v. Meehan, Fla.App.1961, 133 So.2d 776 previously decided by this court. Both suits arose out of the death of James Meehan, minor son of C. Edward Meehan, Sr., the plaintiff in the reported case, supra. The death of James Meehan was caused by electrocution when his brother C. Edward Meehan, III, also a minor, requested him to use an electric buffing machine on an automobile while the former answered the telephone.
In the first case, supra, the decedent’s father C. Edward Meehan, Sr. brought suit against his son C. Edward Meehan III and two others, viz., James P. Haley and A. J. Ritchie, who appear to have been business co-partners with the said C. Edward Meehan, Sr., the plaintiff. The said co-partners were dropped as appel-lees and the court affirmed summary judgment which had been entered for defendant C. Edward Meehan III, minor son of the plaintiff, on the ground that the evidence was insufficient to establish that said defendant was an emancipated minor child. The plaintiff was held barred by the rule that a parent “has no right of action against an unemancipated child for a negligent tort.”
The instant pleadings and exhibits adduced on summary proceedings reveal no *333 basis for imposition of liability on the co-defendants James P. Haley and A. J. Ritchie. This leaves only the question of liability vel non of the decedent’s minor brother C. Edward Meehan III. In this connection we must take note of the status of the decedent’s father although he is not nominally a party to the suit.
The nominal plaintiff is the administrator of the estate of the minor decedent but the decedent’s father C. Edward Mee-han, Sr. is a real party in interest as decedent’s heir at law. C. Edward Meehan is one and the same, for beneficial purposes, as the administrator of the estate of his deceased son. The case accordingly resolves itself into one of father against minor son and essentially duplicates the case already determined by us adversely to the decedent’s father.
We conclude that the facts sufficiently establish a defense in the nature of estoppel by judgment. To hold otherwise would do violence to the rationale of the rule that a parent or his representative cannot maintain an action in tort against an unemancipated minor child, that rationale being “the necessity for the encouragement of family unity and the maintenance of family discipline.” See Meehan v. Meehan, supra; Hewellette v. George, 1891, 68 Miss. 703, 9 So. 885, 13 L.R.A. 682. See also Collins v. Hall, 1934, 117 Fla. 282, 157 So. 646, 99 A.L.R. 1086; also Rehe v. Airport U-Drive, Inc., Fla. 1953, 63 So.2d 66.
In Rehe v. Airport U-Drive, Inc., supra, the father brought one action for the wrongful death of his minor son against the owner of the automobile and another action as administrator of his deceased son’s estate. Both actions arose out of the same acts of alleged negligence and the decedent’s parents would be the ultimate beneficiaries of any recovery in either action. A jury trial in the first suit resulted in a verdict for the defendant. The defendant then amended his answer to the second suit setting up the defense of estoppel by judgment. A judgment on the pleading for the defendant was affirmed. That opinion stated:
“It is clear from this record that the only difference betzveen the two actions is zmth reference to the element of damages. There is no difference as to tire allegations of negligence. It is true in the suit by the father the measure of damages was the pain and suffering of the parents and the loss of earnings during the minority of the deceased, while in the action by the father, as administrator, the measure of damages would be the value of the estate of the deceased. In either event the same parties would have been the beneficiaries of any amount recovered.
******
“The same reasoning applies in this case as that in the case of Epps v. Railway Express Agency, supra.” (emphasis added) [Epps v. Railway Express Agency, Fla.1949, 40 So.2d 131.]
We find no merit in the plaintiff’s other contention on appeal that the trial court erred in setting aside the default previously entered against the defendants. See Barber v. North Shore Hospital, Inc., Fla.App. 1961, 133 So.2d 339; Schroeder v. Schroeder, Fla.App.1958, 102 So.2d 729; Perrin v. Enos, Fla.1952, 56 So.2d 920; Chaney v. Headley, Fla.1956, 90 So.2d 297; Stevens-Davis Co. v. Stock, Fla.1940, 141 Fla. 714, 193 So. 745.
Affirmed.
SHANNON, C. J., and SMITH, J., concur.