HOBSON, Chief Judge.
Involved here is a civil claim for damages for the death of plaintiff-appellee’s son, Roger Music, as a result of an automobile accident which occurred on January 6, 1968. Plaintiff’s other son, Chester Music, was also killed in the same accident.
Plaintiff had instituted a prior suit, as parent, for the wrongful death of his son Chester and as administrator for his son’s estate which resulted in judgment for the plaintiff. Thereafter, plaintiff filed the instant action for the wrongful death of his other son Roger and as administrator of Roger’s estate, and moved for summary judgment. In support of his motion for summary judgment, plaintiff relied upon the testimony and photographs used at the prior trial. The lower court granted plaintiff a partial summary judgment on the issue of liability, concluding:
1) That the defendant was estopped to deny liability because of the judgment *241 against defendant in the prior action; and :
2) That there was no genuine issue as to any material fact.
At the hearing on plaintiff’s motion for summary judgment, the lower court also considered defendant’s motion to strike plaintiff’s claim for damages for the wrongful death of his second son, Roger Music. Defendant in his motion contended that plaintiff’s actions should have been prosecuted at the same time in the prior suit for the death of his son Chester and that plaintiff had improperly split causes of action and was himself barred from recovering this class of damages by estoppel and res adjudicata. This motion of defendant was denied in the same order which granted plaintiff partial summary judgment on liability ; following the entry of which, defendant brought this interlocutory appeal.
There are two questions necessary for the disposition of this appeal.
I.
DID THE TRIAL COURT ERR IN GRANTING PLAINTIFF’S MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS OF ES-TOPPEL BY JUDGMENT OR RES ADJUDICATA?
II.
DID THE TRIAL COURT ERR IN GRANTING PLAINTIFF’S MOTION FOR SUMMARY JUDGMENT ON THE FINDING THAT THERE WAS NO GENUINE ISSUE AS TO ANY MATERIAL FACT?
These questions will be treated in order.
I.
The question may be more simply stated than decided. Prior to entertaining the merits of this point, the doctrine of res adjudicata and its relation to the doctrine of estoppel by judgment should briefly be reviewed. The late Mr. Justice Hobson of the Florida Supreme Court authored an erudite opinion in Gordon v. Gordon, Fla.1952, 59 So.2d 40, 19 A.L.R.2d 1428, portions of which are set out below beginning at page 43:
“Apparently some lawyers and text book authors believe there is confusion in the law of this jurisdiction upon the question, under what circumstances does the doctrine of res adjudicata or the principle of estoppel by judgment become operative. In all probability the confusion which apparently exists stems from a failure clearly to comprehend the difference between the doctrine of res adjudicata and estoppel by judgment and to understand the test proper to be applied in determining which, or whether either, may be appropriately invoked. Estoppel by judgment has its counterparts or at least its quasi counterparts, in ‘estoppel by verdict’ and ‘conclusiveness of verdict.’ ”
******
“We have held as a general proposition that when a final 'decree or judgment of a court of competent jurisdiction becomes absolute it puts at rest and entombs in eternal quiescence every justiciable, as well as every actually adjudicated, issue. This pronouncement is considered by us as controlling only when res adjudicata is the proper test. By this we mean it is not controlling except in an instance wherein the second suit is between the same parties and is predicated upon the same cause of action as was the first. If the second suit is bottomed upon a different cause of action than that alleged in the prior casei estoppel by judgment comes into play and only those matters actually litigated and determined in the initial action are foreclosed — not other matters which ‘might have been, but were not, litigated or decided.’ Prall v. Prall, 58 Fla. 496, 50 So. 867, 870, 26 L.R.A.,N.S., 577; Bagwell v. Bagwell, supra.”
******
At page 44:
“A great many courts and text book writers treat ‘res adjudicata’ and ‘estoppel *242 by judgment’ as synonymous. The most erudite legal minds appear to have difficulty in stating the difference which they consider exists between them. We find no occasion to discuss the slight difference which some authors limn between the terms ‘estoppel by judgment’, ‘estoppel by verdict’ or ‘conclusiveness of verdict.’ These expressions are ofttimes used interchangeably. Although dissertations have come to our attention in which the doctrine of res adjudicata is considered as a sub-division or branch of the law of estoppel, strictly and technically speaking, such treatment is not proper. The former is founded upon the sound proposition that there should be an end to litigation and that in the interest of the State every justiciable controversy should be settled in one action in order that the courts and the parties will not be pothered for the same cause by interminable litigation. On the other hand, estoppel rests upon equitable principles. SO C.J.S. Judgments, § 593. Even so, the ultimate purpose of estoppel by judgment is to bring litigation to an end. The difference which we consider exists between res adjudicata and estoppel by judgment is that under res adjudicata a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised,t while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues — that is to say points and questions — common to both cattses of action and which were actually adjudicated in the prior litigation.”
* * * * * *
At page 45:
“ * * * The test with reference to res adjudicata or estoppel by judgment is, and should be, whether the evidence in both cases is in essence the same albeit under estoppel by judgment it must be determined that ‘every point and question’ presented in the second action was actually litigated and decided in the first. We hold the view that the expression ‘precise facts’ has been, and should be, given the same signification as the words ‘every point and question.’ ”
First we shall treat the application of the doctrine of res adjudicata then consider the application of the doctrine of estoppel by judgment.
RES ADJUDICATA
This doctrine “is not controlling except in an instance wherein the second suit is between the same parties and is predicated upon thé same cause of action as was the first.” Gordon v. Gordon, supra, at page 43.

As to Same Parties

It is suggested by defendant-appellant that the identities of the parties differ in that Amos Music was not the real party in interest in either estate action since he, as administrator, merely acts as an officer of the court. In support of this, defendant relies on Youngblood v. Taylor, Fla.1956, 89 So.2d 503. In Youngblood, the father sued as “next friend” of his son, who was injured on his bicycle, and lost the case. The father then brought suit in his own name for his damages including medical expenses, etc. The court held that the father as “next friend” was an officer of the court and the real party in interest in the prior suit was the injured son. The court then held the parties to be different and the doctrine of res adjudicata not to apply and reversed the judgment entered for the defendant in the lower court on the father’s suit for his (the father’s) damages.
While an administrator for an estate is an officer of the court, it does not necessarily follow that he cannot also be the real party in interest. Such depends on the facts. If the injuries of the minor son in Young-blood had resulted in death, then any benefits inuring would have gone to the father, *243 not to his injured son, and the father would then have been the real party in interest in both instances and having lost one case would be barred from recovery in the other. Epps v. Railway Express Agency, infra.
Yet, under a different set of facts such as those that occurred in Hill v. Colonial Enterprises, Inc., Fla.App.1969, 219 So.2d 51, an administrator or administratrix may not be beneficially interested in both a wrongful death and a survival action and though a real party in interest in one, not be barred by an adverse judgment in the other.
In the causes of action prosecuted in the prior suit for the death of Chester Music, there is no question that Amos Music, as father and plaintiff was the real party in interest in both his suit for the wrongful death of his minor son Chester and his suit as administrator of Chester’s estate. Collins v. Hall, 117 Fla. 282, 157 So. 646, 99 A.L.R. 1086 (1934); Epps v. Railway Express Agency, 40 So.2d 131 (Fla.1949); and Rehe v. Airport U-Drive, 63 So.2d 66 (Fla.1953).
In the causes of action prosecuted herein for the death of Roger Music, there is likewise no question that Amos Music is the real party in interest in both his suit for the wrongful death of his other minor son Roger and his suit as administrator of Roger’s estate. Collins v. Hall, supra; Epps v. Railway Express Agency, supra; and Rehe v. Airport U-Drive, supra.[1]
It is not contested that Kenneth Culloden d/b/a Culloden Sales Co. was the defendant in both the prior and instant suits.
Therefore, the parties are identical both in the prior and in the instant actions for the purpose of the application of the doctrine of res adjudicata.

As to Same Cause of Action

Though the parties are the same, another essential element is missing — the causes of action are different.[2] The prior suit involved two causes of action arising by different statutes out of the death of Chester. The instant suit involves two causes of action also arising by statutes out of the death of Roger.
Section 768.03, Florida Statutes, creates in the father a cause of action for the death of any minor child. Section 45.11, Florida Statutes, provides that no action for personal injuries shall die with a person but shall survive and may be prosecuted by the personal representative of the deceased.
Therefore, the four causes of action referred to above are:
1) Father for wrongful death of Chester;
2) Father as administrator of Chester’s estate;
3) Father for wrongful death of Roger; and
4) Father as administrator of Roger’s estate.
As each cause of action is different, the doctrine of res adjudicata would have no application to any one of them regardless of the outcome of any of the others. Gordon v. Gordon, supra.
ESTOPPEL BY JUDGMENT
The question now arises whether estoppel by judgment is applicable. As stated by Mr. Justice Hobson in Gordon v. Gordon, supra, at page 44:
“ * * * [Wjhile the principle of es-toppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues — that is to say points and questions — common to both causes of action and which were actually adjudicated in the prior litigation.”
*244 It is clear that an adverse judgment in the action for wrongful death of Chester-(#1 above) under the facts herein, would have estopped by judgment any action by the father as administrator of Chester’s estate (#2 above) and vice versa. Rehe v. Airport U-Drive, supra; and Epps v. Railway Express Agency, supra. By the same token, a favorable judgment in #1 would entitle the father to a summary judgment on liability in #2 and vice versa. This is true because the issue of whether or not a certain defendant was liable for the death of Chester would be determined (under the facts therein) by whichever suit involving Chester’s death was brought first. Of course here, both causes of action involving Chester’s death were brought simultaneously and both were decided favorably. However, we are here presented the question of whether favorable judgments in the two causes of action in the proir suit for the death of Chester would entitle the father to summary judgments on liability in the two causes of action herein for the death of his other son Roger. We are of the opinion and so hold that they would not. The causes of action herein involve points and questions which may be similar to those involved in the prior suit for the death of Chester,,' but the points and questions herein revolve around the death of an entirely different person — Roger.
As stated in Youngblood v. Taylor, supra, at page SOS, by Supreme Court Justice Thomas:
“To illustrate, if two persons wholly unrelated are passengers in a motor car that becomes involved in an accident, only one set of circumstances arises as a basis for recovery. But it does not follow that there is but one cause of action for each of the injured persons has the right to sue and the action of one is not determined by the adjudication of the action of the other.”
Chester and Roger are two different persons. The favorable or unfavorable outcome of the wrongful death action for Chester cannot affect the wrongful death action for Roger and vice versa. Neither can a favorable or unfavorable outcome in an action brought by Chester’s estate have any effect on an action brought by Roger’s estate and vice versa. The fact that they are brothers will not operate to make it otherwise.
Therefore, we hold that the doctrine of estoppel by judgment has no application to the facts of this case and it was error for the lower court to enter summary judgment on liability in favor of Amos Music based thereon.
II.
Even though we, have held, under the first question discussed, that res adjudicata and estoppel by judgment are inapplicable to the case sub judice, we must still inquire whether any genuine issue of material fact remains; for, if no such issue remains, the entry of summary judgment was proper. The lower court held that based on the testimony and photos of the prior trial involving the death of Chester Music, no genuine issue of material fact remained. We disagree.
We have reviewed the record-on-appeal and find that there are numerous genuine issues of material fact to be determined by a jury.
The other point involved has been considered and found to be without merit.
For the foregoing reasons this cause is hereby
Reversed and remanded.
PIERCE and McNULTY, JJ., concur.

. These cited cases, while holding the father to be the same party in both the wrongful death and survival suits, do not hold that res adjudicata is a bar to the second suit. The second suit is barred by the doctrine of estoppel by judgment.

. Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213, 218.