JOHNSON, Judge.
This is a petition for a writ of certiorari directed to the Circuit Court of the Fourth Judicial Circuit of Florida, seeking review of an order of the Circuit Court striking the fourth defense asserted by the petitioner herein in its answer in the trial court.
There is some question (which we do not find it necessary for us to answer as determinative of this case) as to whether or not the extraordinary remedy of common law certiorari may be utilized by litigants as a vehicle for interlocutory review in common law actions (see Hotel Roosevelt Company, Inc. v. Hill, 196 So.2d 233 (Fla.App.1st, 1967).
The fourth defense contained in the petitioner’s amended answer alleged substantially that the plaintiff had litigated the question of liability of the defendant railroad in a previous suit by the same plaintiff against the same railroad arising out of the same collision in which both of the plaintiff’s two children were killed, in which the jury had rendered a verdict of “not guilty” as to the railroad.
There is no question about the facts that the death of the two children was the result of the auto-train collision in question. However, as held by the Florida District Court of Appeal, Second District, in Culloden v. Music, 226 So.2d 240 (1969), the causes of action involved two different persons. No matter how similar the points of law and questions may be, the points and questions herein revolve around the death of Paul Joe Arnett, the minor child of the plaintiff, and not of Carol Arnett, *654 who was the other minor child lost in said collision.
Therefore, we agree with the holding of our sister Court, in Culloden v. Music, supra, that said defense of estoppel by judgment is not applicable to the facts in this case and that the trial court was not in error in striking the same.
Petition ■ for Writ of Certiorari denied.
SPECTOR, Acting C. J., concurs.
BOYER, J., specially concurring.