RAWLS, Chief Judge
(dissenting).
I dissent. The majority and appellant insist that estoppel by judgment does not apply to this cause by reason of the newly discovered comparative negligence doctrine in Hoffman v. Jones.[1] I disagree. In speaking to the identical situation in Epps v. Railway Express Agency,[2] the Florida Supreme Court stated:
“We are of the view that the holding in Collins v. Hall [117 Fla. 282, 157 So. 646] is peculiarly applicable to the facts of the case at bar. While the rights of both the personal representative and the widow or other statutory beneficiary to recover damages against the alleged tort-feasor were separate, distinct and independent rights, they nevertheless were necessarily dependent upon the existence of an original right of recovery in the injured person in the first instance. Though the separate suits maintainable by the personal representative and the widow were for the recovery of different items of damage the right of each to sue stemmed directly from the original act of negligence which initially gave rise to a cause of action in favor of the injured party.”
The instant cause is controlled by Epps v. Railway Express Agency, and in my opinion the judgment appealed should be affirmed.

. Hoffman v. Jones, 280 So.2d 431 (Fla.1973).

. Epps v. Railway Express Agency, 40 So.2d 131 (Fla.1949).