GRIMES, Judge.
In May of 1972 an accident occurred involving a Seaboard train and an automobile carrying five persons. Jackie Cox and his wife, Judy, who were passengers in the automobile, were killed. Their minor son Eric brought suit against Seaboard for the wrongful death of his mother. He obtained a judgment in the amount of $255,000.
Thereafter, Eric brought another suit against Seaboard for the wrongful death of his father. Pursuant to his motion, the court entered a summary judgment on liability upon the ground that the defendant was estopped by the prior judgment from further litigating the issue of its negligence concerning the collision. There is no contention that either of the decedents was guilty of contributory negligence. Seaboard has filed an interlocutory appeal from the order granting summary judgment on liability.
At the outset, it appears that the case of Culloden v. Music, Fla.App.2d, 1969, 226 So.2d 240, is directly on point. That was a case in which a father brought an administrator’s action and wrongful death action predicated upon the death of his son, Roger. He had already successfully prosecuted an administrator’s action and wrongful death action pertaining to the death of his son, Chester, against the same defendant. Both sons had been killed in an accident while riding as passengers in the same automobile. This court held that the defendant was not estopped from relitigating the issues as they pertained to Roger’s death. The First District Court of Appeal followed Culloden in its recent case of Seaboard Coast Line Railroad Company v. Arnett, Fla.App.1st, 1974, 303 So.2d 653.
*156 This would seem to set the matter at rest were it not for the case of Shearn v. Orlando Funeral Home, Fla. 1956, 88 So.2d 591. There, a widow recovered a judgment in a combined survival and wrongful death action arising out of the death of her husband which had occurred when an automobile he was driving was struck by an ambulance. Thereafter, the widow brought suit against the ambulance company, which was the same defendant in the first action, to recover for personal injuries she had received in the accident. In an opinion by Justice Hobson, the Supreme Court said that the doctrine of estoppel by judgment was applicable to the extent that the issue of the negligence of the ambulance driver had already been determined in the prior suit. Since there was no contention that the widow was guilty of contributory negligence, the court held she was entitled to a judgment on liability, leaving for determination in the second action only the amount of her damages.
Where there is a second suit between the same parties, even though based on separate causes of action, the doctrine of estoppel by judgment precludes relitigat-ing those issues common to both actions which were actually adjudicated in the first suit. Gordon v. Gordon, Fla.1952, 59 So.2d 40. In Culloden and Shearn, while the causes of action in both suits were different, the parties were the same. Likewise, in both Culloden and Shearn the negligence of the defendant which was an issue in the second suit had already been adjudicated in the first suit. Contributory negligence was not an issue in Culloden. The only contributory negligence in Shearn was that of the husband, but the jury had resolved that issue adverse to the defendant in the first suit. The basis upon which this court in Culloden held the doctrine to be inapplicable was that the first suit involved the death of one son, whereas the second suit involved the death of another. Yet, in Shearn the first suit involved the injuries (and subsequent death) of the husband, and the second suit involved the injuries of the widow. In Shearn, both injuries occurred as the proximate result of the same accident, and in Culloden both deaths occurred as the proximate result of the same accident. The two cases are irreconcilable.
One might suggest that the principle of Shearn has been modified because of the following comment made in Youngblood v. Taylor, Fla.1956, 89 So.2d 503:
“To illustrate, if two persons wholly unrelated are passengers in a motorcar that becomes involved in an accident, only one set of circumstances arises as a basis for recovery. But it does not follow that there is but one cause of action for each of the injured persons has the right to sue and the action of one is not determined by the adjudication of the action of the other.”
Yet, from a reading of the entire case, it is apparent that this statement was made only for the purpose of illustrating that before the doctrine of estoppel by judgment may be applied, it must appear that the same parties are involved. In the instant case, even though different persons were killed in the accident, the same parties were involved in both suits.
Having concluded that Culloden directly conflicts with Shearn, we have no alternative but to recede from Culloden. The criteria for applying estoppel by judgment is the identity of parties rather than the fact that more than one person was killed.[1] The lower court correctly held the doctrine of estoppel by judgment to be applicable. See also Tuz v. Edward M. *157 Chadbourne, Inc., Fla.App.1st, 1974, 290 So.2d 547.
There is a second point on appeal which must be considered. In the first suit, even though the issue of contributory negligence was not presented to the jury, the court submitted a special verdict in which the jury was asked to determine the degree of the defendant’s negligence which was a legal cause of the accident. Presumably, this was done in view of the possibility that the driver of the automobile was negligent and upon the assumption that Hoffman v. Jones, Fla.1973, 280 So.2d 431, required the apportionment of liability against all persons who might be responsible for an accident regardless of whether or not they were parties. The jury responded by finding the defendant railroad to have been 85% negligent. Since the verdict rendered total damages of $300,000, the court applied the 85% and entered a judgment for $255,000.
The question posed is whether the prior judgment has the effect of determining liability without apportionment or whether it must be applied to limit the recovery to 85% of the damages which are ultimately determined.
The plaintiff refers to Issen v. Lincenberg, Fla.App.3d, 1974, 293 So.2d 777, and Gutierrez v. Murdock, Fla.App.3d, 1974, 300 So.2d 689, for the proposition that the apportionment procedure followed by the court in the prior action was erroneous. Thus, the plaintiff contends that the trial court and this court must follow the law as it exists at the time the judgment is entered. See Florida East Coast Railway Company v. Rouse, Fla.1967, 194 So.2d 260.
It is unnecessary for us to pass upon the propriety of the apportionment procedure followed in the previous lawsuit. The plaintiff is relying upon the adjudication of issues in that case as the basis of his claim of estoppel by judgment. He cannot rely upon some of the issues which were determined in the prior action yet repudiate others. Just as the defendant is es-topped from relitigating its liability to the extent of 85%, the plaintiff is estopped from relitigating the determination that the defendant was not liable to the extent of 15%. The first judgment is final, and even if the apportionment procedure on which it was based was in error, it is nevertheless that judgment upon which the es-toppel is predicated.
The summary judgment on liability is affirmed with the caveat that the plaintiff’s recovery must be limited to 85% of the total amount of damages which are finally determined.
BOARDMAN, A. C. J., and SCHEB, J., concur.

. The defendant’s brief in Culloden suggested that when several unrelated persons were killed in the same accident, this result would permit their heirs to wait until one of the personal representatives had successfully prosecuted a suit and tlien appoint him as personal representative for all the other decedents. Since the real parties in interest would not be the same in the subsequent suits, we believe our courts are imaginative enough to prevent this abuse should it arise.