338 So.2d 190 (1976)
SEABOARD COAST LINE RAILROAD COMPANY, a Corporation, Petitioner,
v.
Eric COX, a Minor, by and through His Guardian and Next Friend, J.W. Caldwell, Respondent.
No. 47139.
Supreme Court of Florida.
May 19, 1976.
Rehearing Denied October 26, 1976.
Michael N. Brown of Allen, Dell, Frank & Trinkle, Tampa, for petitioner.
R.J. Beckham of Beckham & McAliley, Miami, for respondent.
OVERTON, Chief Justice.
This cause is before us on petition for certiorari to review a decision of the Second District Court of Appeal reported at 308 So.2d 154 (Fla.App.2d 1975). There is conflict with the First District Court of Appeal's decision in Seaboard Coast Line Railroad Company v. Arnett reported at 303 So.2d 653 (Fla.App. 1st 1974). We have jurisdiction to harmonize these decisions.[1]
The legal issue to be decided concerns the applicability of estoppel by judgment.
The circumstances of this case are as follows. In May of 1972 the parents of the respondent, Eric Cox, were passengers in an automobile involved in an auto-train collision. Both were killed. Prior to the action now before this Court, the respondent *191 Eric Cox, a minor, brought a suit through his guardian for the wrongful death of his mother. He recovered a judgment which was molded from a special verdict submitted to the jury in anticipation of a requirement to apportion damages among joint tortfeasors stemming from Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). The jury found total damages of $300,000 and that the defendant, Seaboard Coast Line Railroad Company, was 85% at fault. The decedent parents were found not to have been at fault, and the remaining 15% of liability apparently was attributable to the driver of the automobile who was not a party to the action. The judgment was appealed by Seaboard to the District Court of Appeal, which affirmed. There was no cross-appeal concerning the submission of a special comparative verdict.
Subsequent to that action respondent Eric Cox brought the instant suit for the wrongful death of his father. Upon the respondent's motion, the trial court granted a partial summary judgment against the petitioner Seaboard Coast Line Railroad Company on the issue of liability, holding that estoppel by judgment applied. Petitioner Seaboard took an interlocutory appeal, asserting both error in granting the partial summary judgment, or, in the alternative, contending the trial court erred by not expressly limiting recovery to 85% of damages proved. The District Court affirmed the partial summary judgment, applying estoppel by judgment, and citing this Court's decision in Shearn v. Orlando Funeral Home, Inc., 88 So.2d 591 (Fla. 1956). In doing so, the District Court receded from its own prior decision in Culloden v. Music, 226 So.2d 240 (Fla.App.2d 1969).
On the assertion that recovery should be limited to 85% of the damages established, the District Court held:
"... [T]he plaintiff is estopped from relitigating the determination that the defendant was not liable to the extent of 15%. The first judgment is final, and even if the apportionment procedure on which it was based was in error, it is nevertheless that judgment upon which the estoppel is predicated." 308 So.2d at 157.
There is conflict with the decision of the First District Court of Appeal in Seaboard Coast Line Railroad Company v. Arnett, supra. The First District in the Arnett case refused to apply estoppel by judgment citing as authority the Second District decision in Culloden v. Music, supra, from which the Second District receded in the decision below. The factual situation there is distinguished from the instant case only by the fact that the railroad defendant prevailed. Regardless of which side prevails, estoppel by judgment must be evenhandedly applied.
The petitioner Seaboard in the instant case contends that estoppel by judgment does not apply to different causes of action, such as those arising from deaths of different persons, even though the parties are identical and the incidents giving rise to the claim are the same. Estoppel by judgment requires (1) that the real parties in interest in both suits be identical, and (2) that the issue in the second action that is sought to be estopped from relitigation be identical to necessary and material issues resolved in the first suit. There are no factual differences in the causation of the deaths of the two parental victims in this case.
Petitioner asserts that there is no identity of parties since the action is derivative in nature and stems from deaths of different persons. We disagree. There is no cause of action at common law for a decedent. The basis for such an action is statutory. Martin v. United Security Services, Inc., 314 So.2d 765 (Fla. 1975); Louisville & N.R. Co. v. Jones, 45 Fla. 407, 34 So. 246 (1903). The right of action belongs to a living person. We are unpersuaded by the contentions of the petitioner. *192 This Court has previously applied estoppel by judgment in situations where the actions were derivative. See Shearn v. Orlando Funeral Home, supra; Rehe v. Airport U-Drive, Inc., 63 So.2d 66 (Fla. 1953); Epps v. Railway Express Agency, 40 So.2d 131 (Fla. 1949). See also Tuz v. Edward M. Chadbourne, Inc., 290 So.2d 547 (Fla.App. 1st 1974). We agree with the opinion of Judge Grimes in the instant case and in particular his interpretation of the applicability of Shearn and the fact that Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956), did not modify our Shearn decision.
We conclude that there is no merit in petitioner's argument and that it is bound by the result of the first action.
We further hold that the respondent may not now contest the propriety of applying the percentage of liability determination made by the jury in the first suit. The respondent allowed the first judgment to become final without attack, and he cannot now collaterally attack that result. The petitioner's 15% nonliability as determined by the jury in the first trial is therefore applicable in the second action for damages.
The decision of the District Court of Appeal is approved and the petition for certiorari is discharged.
It is so ordered.
BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ROBERTS, J., dissents with an opinion.
ADKINS, J., dissents.
ROBERTS, Justice (dissenting).
This Court previously held in Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956), that,
"To illustrate, if two persons wholly unrelated are passengers in a motorcar that becomes involved in an accident, only one set of circumstances arises as a basis for recovery. But it does not follow that there is but one cause of action for each of the injured persons has the right to sue and the action of one is not determined by the adjudication of the action of the other.

"It might appear in the present controversy that the `facts essential' to the maintenance of both actions were the same because not only was there a single mishap but a lone person was injured; that, therefore, one element of res judicata is present; and that by the same token an element of estoppel by judgment is present because the `precise facts' seem to have been adjudicated."
Subsequently in Tuz v. Chadbourne, Inc., 310 So.2d 8 (Fla. 1975), this Court reiterated the above and asserted that nothing stated in the decision before it altered the holding in Youngblood, supra.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.