OVERTON, Chief Justice.
This cause is before us on petition for writ of certiorari to review a decision of the First District Court of Appeal reported at 303 So.2d 653 (Fla.App. 1st 1974). It concerns the application of estoppel by judgment. There is conflict with the Second District Court’s decision in Seaboard Coast Line Railroad Company v. Cox, 308 So.2d 154 (Fla.App. 2d 1975), approved by this Court in Case No. 47,139, 338 So.2d 190, rendered simultaneously with this cause. There is also conflict with Shearn v. Orlando Funeral Home, Inc., 88 So.2d 591 (Fla.1956). We have jurisdiction.[1]
On March 1, 1970, Paul Joe Arnett and Carol Arnett, minor children of Paul J. Arnett, Jr., were fatalities in a train-auto collision. The auto in which they were passengers was driven by a third individual not involved in the instant cause. The respondent father, Paul J. Arnett, Jr., brought two tort actions. The first was commenced on June 8, 1970, for the death of Carol, naming the auto driver, the train engine operator, and petitioner Seaboard Coast Line Railroad Company as defendants. A jury verdict in this first action was returned finding the auto driver liable in the amount of $10,000, but exonerating petitioner Seaboard. The trial court entered judgments on the verdict on January 15, 1971.
Respondent brought the second action which is the subject of this review on March 11, 1971, for the death of his son, Paul Joe. The complaint names only the petitioner Seaboard as defendant. At trial Seaboard sought to interpose the defense of estoppel by judgment, but respondent successfully moved to strike the defense. Seaboard then took a petition for common law certiorari to the First District Court of Appeal seeking review of that order. The First District denied certiorari, holding estoppel by judgment was not a defense for petitioner Seaboard because the two actions arose from the deaths of two different persons. The court cited as authority Culloden v. Music, 226 So.2d 240 (Fla.App. 2d 1969), since receded from by the Second District in Seaboard v. Cox, supra.
We disagree. Our simultaneous decision in Seaboard Coast Line Railroad Company v. Cox, Case No. 47,139, Fla., 338 So.2d 190, controls. If estoppel by judgment applies when the plaintiff prevails in the first action, it also applies when the defendant prevails.
The change in the applicable tort law from contributory to comparative negligence does not prevent use of estoppel by judgment in the present factual situation. This contention was first raised by the respondent in briefs before this Court. The record reflects that the defense of contributory negligence was not an issue in the first trial. The only possible basis for the finding of Seaboard’s nonliability by the jury in the first trial was a factual determination that the petitioner Seaboard was not negligent.
*196 When the real parties in interest are the same and the identical issue in the first trial was properly determined, that determination may be relied upon by the parties to estop later relitigation between them. Seaboard Coast Line Railroad Company v. Cox, supra, and Shearn v. Orlando Funeral Home, Inc., supra. Since contributory negligence was not an issue in the first trial, respondent’s attempt to evade estoppel by judgment, founded as it is on the change to comparative negligence, is without merit.
The decision of the District Court is quashed, and the cause is remanded for disposition consistent with this opinion.
It is so ordered.
BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ROBERTS and ADKINS, JJ., dissent.

. Art. V, § 3(b)(3), Fla.Const.