161 So.2d 882 (1964)
Albert BOWIE, Jr., Appellant,
v.
Charles B. REYNOLDS, Appellee.
No. F-18.
District Court of Appeal of Florida. First District.
March 24, 1964.
Boggs, Blalock & Holbrook, Jacksonville, for appellant.
Norton, Wood & Moore, Jacksonville, for appellee.
WIGGINTON, Judge.
Defendant in a personal injury and property damage action arising out of an automobile collision has appealed a final judgment entered upon a jury verdict in favor of plaintiff. The principal question presented for our determination is whether plaintiff split his cause of action contrary to the principle of law which prohibits this being done.[1]
Appellee and his wife, while driving their station wagon on U.S. Highway # 1 in *883 Duval County, were struck by a motor vehicle owned by appellant and operated by his daughter. Appellee's wife died as a result of the injuries she received in the collision, while appellee suffered extensive personal injuries and property damage to his vehicle.
Following the collision appellee instituted an action against appellant under the death by wrongful act statutes of this state[2] in which he sued in his capacity as husband of his deceased wife and claimed damages sustained by reason of the loss of services, society, affection, and consortium of his wife as well as for funeral expenses necessarily incurred as a result of her death. In that case plaintiff was awarded a verdict by the jury for which judgment was rendered.
Shortly before the judgment in the foregoing suit was paid by appellant, appellee instituted the action which is the subject of this appeal. In this action he sued at common law for damages which he personally sustained as a result of the bodily injuries received by him as a consequence of the collision, as well as for damages to his motor vehicle. This cause of action arose out of the same tortious act which formed the basis of appellee's first suit under the death by wrongful act statute. To the complaint filed in this case appellant asserted as one of his defenses that plaintiff was unlawfully attempting to split his cause of action; that the tortious act giving rise to the claim for damages in this case is the identical act which formed the basis of plaintiff's prior action in which he was required to claim all damages to which he deems himself entitled, and that his failure to do so precludes him from asserting in this independent action a claim for a portion of his damages which were recoverable in the prior action.
Appellee filed a motion to strike the foregoing defense, which motion was granted by the trial court. It is this action which appellant contends was erroneous and requires reversal of the judgment entered upon a jury verdict in appellee's favor ultimately rendered after trial.
To sustain his position appellant argues that in appellee's action under the death by wrongful act statute he sought and recovered damages for loss of consortium due to the death of his wife. Appellant contends that this is an element of damage to which appellee is entitled at common law, and which was recoverable either in the wrongful death action in which it was asserted, or in the common law action later instituted. It seems to be appellant's position that since this element of damage is recoverable in either action, then all other elements of damage asserted by appellee for personal injuries and for damage to his vehicle could have been recovered in the first action which he brought under the death by wrongful act statute. Lastly, appellant urges that plaintiff had only one cause of action in which all damages suffered by him both personally and as a result of the death of his wife were required to be claimed, and that the trial court erred in permitting him to split his cause of action and claim a portion of his damages in this suit.
Appellant has not favored us with any citations of authority, and our research reveals none, which support the position he takes on the point here considered. Appellant concedes that the uniform weight of authority in the United States is to the effect that at common law a husband could not claim damages for loss of consortium resulting from the death of his wife caused by the wrongful act of another. In Florida, it is only by virtue of the wrongful death statute that such claim may now be asserted, and damages for this loss recovered. The statute creates a right of action where none existed at common law. It follows that we must reject appellant's contention that damages for loss of consortium could have been lawfully claimed by appellee in this second common law action filed by him.
*884 Although it is the identical tortious act of appellant which caused the death of appellee's wife and inflicted upon appellee personal injuries to his body and property damage to his vehicle, such act gave rise to two separate and distinct causes of action. The first cause of action was for damages not recoverable at common law, but only by virtue of the existence of the death by wrongful act statute. In this cause of action appellee was entitled to claim and recover damages for the loss of the services, society, affection and consortium of his wife, and for funeral expenses necessarily incurred as a result of her death. In this suit appellee maintained the action in his capacity as husband of his deceased wife.
Appellee's second cause of action was at common law for the recovery of damages not otherwise recoverable under the death by wrongful act statute. These damages consisted of the loss occasioned by bodily injuries received in the collision, as well as damages to his vehicle. Since two separate causes of action existed in appellee's favor, his attempt to seek recourse in two separate independent actions did not constitute a splitting of a single cause of action as contended by appellant.
The conclusion we reach is in accord with the decision of the Supreme Court in the Shearn case.[3] In Shearn a motor vehicle owned and operated by Orlando Funeral Home, Inc., collided with an automobile being driven by William J. Shearn in which his wife, Mary A. Shearn, the owner of the automobile, was a passenger. As a result of the collision, William J. Shearn died and Mary A. Shearn suffered bodily injuries.
Mary A. Shearn instituted two actions against Orlando Funeral Home, one of which was brought as executrix of the last will and testament of her husband, William J. Shearn, to recover damages suffered by the latter following the collision and prior to his death. In her second suit the plaintiff, as widow of William J. Shearn, sued under the death by wrongful act statute to recover damages resulting from the wrongful death of her husband. A verdict and final judgment was awarded plaintiff in each of the foregoing actions. Subsequently, Mary A. Shearn instituted a third action against Orlando Funeral Home seeking to recover damages for personal injuries sustained by her and property damage to her automobile resulting from the collision which was the basis of the first two actions previously instituted and completed by her. The question before the court was whether the third suit constituted a splitting of her cause of action, thereby precluding recovery. In holding that it did not the court pointed out that in her last action the plaintiff was pursuing her common law right to redress for injury to her person and property. It was held that in so doing she was not suing for different elements of damage arising out of the same cause of action which formed the basis of her suit under the death by wrongful act statute, but was maintaining a separate suit on a separate cause of action rising out of the same incident or occurrence. The court observed that the facts essential to the maintenance of the two suits under consideration are not identical, nor would the same evidence sustain both. In the first suit under the death statute, the essential fact to be established was the death of Mr. Shearn as a result of the defendant's negligence, which showing was obviously not essential to the maintenance of Mrs. Shearn's second suit brought in her own behalf in which she claimed damages for her own personal injuries and property damage to her vehicle. The court concluded that the question of Mrs. Shearn's right to maintain her last action for personal injuries and property damage did not fall within the purview of the first action brought by her under the wrongful death statute.
The facts in the case sub judice are sufficiently analagous to those in the Shearn case as to make the rule of law pronounced *885 therein to be controlling here. It follows that the trial court was correct in striking the defense asserted by appellant regarding the splitting of plaintiff's cause of action.
We have carefully considered the remaining points on appeal, but find them to be without substantial merit. The judgment appealed is accordingly affirmed.
STURGIS, C.J., and RAWLS, J., concur.
NOTES
[1] Goldman v. Kent Cleaners & Laundry, Inc., Fla.App. 1959, 110 So.2d 50.
[2] F.S. §§ 768.01-768.02. F.S.A.
[3] Shearn v. Orlando Funeral Home, Inc., Fla. 1956, 88 So.2d 591.