BOYER, Acting Chief Judge.
By this interlocutory appeal, appellants (who are defendants in the trial court) *420 seek reversal of an order of the learned trial judge denying a defense motion to strike certain paragraphs of an amended complaint filed by the plaintiff in the trial court, appellee here.
The amended complaint alleges that on August 21, 1971 an automobile owned by appellant Fuller and insured by appellant Interstate Fire Insurance Company was negligently operated by appellant Bogard so as to cause it to collide with an automobile then being owned and operated by ap-pellee Hahn in which appellee’s wife, Alma C. Hahn, was also a passenger. It is further alleged that the plaintiff received personal injuries requiring medical attention and that his automobile was damaged. Numbered paragraph 4 of the amended complaint alleges that the Plaintiff’s wife, Alma C. Hahn, was killed in the accident and numbered paragraph 7 alleges “That as a further result of such collision, the plaintiff has lost the consort, his wife, and suffered severe pain and depression as well as sadness and heartache by the loss of his loving wife and helpmate and was forced to expend sums for funeral services, burial, and other costs in connection with her death.”
Plaintiff’s original complaint was filed on February 12, 1974 and the above mentioned amended complaint on June 18, 1974. The defendants filed a timely motion to strike numbered paragraphs 4 and 7 of the amended complaint on the ground that those paragraphs pertain to the alleged wrongful death of the wife of the plaintiff and that a cause of action in wrongful death and damages pertaining thereto are statutory and are barred by the statute of limitations. The learned trial judge entered an order denying that motion to strike, thus this interlocutory appeal.
The underlying issue, which is disposi-tive of this case, is whether a surviving spouse may, in a negligence action as distinguished from a wrongful death action, recover damages for a loss of consortium, mental pain and suffering and burial expenses resulting from the death of a spouse killed as a result of the incident giving rise to the action.
F.S. 768.01-768.04, Florida Statutes 1971, constituted the Florida Wrongful Death Law at the time of the accident giving rise to the case sub judice. That law was materially changed by Chapter 72-35, Laws of Florida 1972, which was carried forward in Florida Statutes 1973, in F.S. 768.16— 768.27, and there designated as the “Florida Wrongful Death Act”. F.S. 768.27 specifically provides that said Florida Wrongful Death Act “shall take effect on July 1, 1972, and shall not apply to deaths occurring before that date.” It is readily apparent therefore that F.S. 768.01-768.04, Florida Statutes 1971, was the applicable “Wrongful Death Law” at the time of the accident giving rise to this case and the injuries and damages resulting therefrom.
F.S. 95.11(6) Florida Statutes 1971, specifically provides that “An action arising upon account of an act causing a wrongful death” shall be commenced within two years after the cause of action accrued. Therefore, if the damages sought by appel-lee to be recovered under the allegations of numbered paragraph 7 of the amended complaint are cognizable only in a wrongful death action, as distinguished from a common negligence action, as appellants contend, then recovery therefor has been barred by the above mentioned statute of limitations. On the other hand, if such damages may be properly recovered in an ordinary negligence action then the statute of limitations applicable to negligence actions is controlling and such damages are not barred.
The issue here involved was discussed by this Court, albeit somewhat obliquely, in Bowie v. Reynolds, Fla.App. 1st 1964, 161 So.2d 882. In that case, although the specific point involved related to splitting of causes of action, this Court was required to determine, as a necessary incident to determination of the narrow issue before it, *421 whether a surviving husband could claim damages sustained by reason of the loss of services, society, affection, and consortium of his deceased wife, as well as for funeral expenses necessarily incurred as a result of her death. The appellant in that case contended that the above mentioned elements of damages were properly recoverable in either a common-law action for negligence or an action under the wrongful death statutes. In resolving that point this Court said:
“Appellant has not favored us with any citations of authority, and our research reveals none, which supports the position he takes on the point here considered. Appellant concedes that the uniform weight of authority in the United States is to the effect that at common law a husband could not claim damages for loss of consortium resulting from the death of his wife caused by the wrongful act of another. In Florida, it is only by virtue of the wrongful death statute that such claim may now be asserted, and damages for this loss recovered. The staUite creates a right of action where none existed at common law. It follows that we must reject appellant’s contention that damages for loss of consortium could have been lawfully claimed by ap-pellee in this second common law action filed by him.” (161 So.2d at page 883; Emphasis added)
The above quoted language from the Bowie case is dispositive of the issue sub judice. Such appears to have also been the essential holding of the Supreme Court of Florida in Shearn v. Orlando Funeral Home, Inc., Sup.Ct.Fla.1956, 88 So.2d 591, cited in the Bowie opinion.
Having held that damages by reason of loss of services, society, affection, consortium and funeral expenses incurred as a result of the death of a spouse are recoverable only in an action for wrongful death, it follows that the learned trial judge erred in refusing to strike same from appellee’s amended complaint which was bottomed on an action for common-law negligence.
Reversed and remanded for further proceedings consistent herewith.
MILLS, J., concurs.
JOHNSON, J., concurs specially.