JOHNSON, Judge
(concurring specially):
I agree with the ultimate result reached in Judge Boyer’s opinion — that a surviving spouse’s action seeking to recover damages for a loss of consortium, affection, services, society and funeral expenses resulting from the wrongful death of a spouse must be brought within the two year period prescribed in § 95.11(6), F.S.1971. However, I do not feel that the cases of Shearn v. Orlando Funeral Home, 88 So.2d 591 (Fla.1956) nor Bowie v. Reynolds, 161 So. 2d 882 (Fla.App. 1st, 1964) are dispositive of this issue. Those cases pertain simply to the splitting of causes of action, and not to the application of conflicting statutes of limitations. I base my conclusion on the rule of law that where two or more distinct, separate and independent causes of action arise out of one state of facts or one breach of duty, each is governed by the statute of limitations appropriate to it. Stated differently, where several causes of actions are properly joined in one action, each of the causes is governed by the statute applicable thereto. 53 C.J.S. Limitations of Actions §§ 33 and 107. Where there is some doubt as to which of two or more statutes of limitation applies to a particular proceeding, the courts will often resolve such doubt in favor of the application of the statute containing the longest period of limitation. However, this rule will not prevent a court from applying the shorter period where satisfied that it ought to apply, as in the instant situation involving a cause of action for wrongful death, *422 where the legislative mandate of a two year limitation period is clear.
In short, I concur with the majority that the trial court erred in refusing to strike the wrongful death allegations from appel-lee’s amended complaint for the reasons set forth above.