382 So.2d 1265 (1980)
STATE of Florida, Appellant,
v.
Milton Lawson LUKE and Raymond M. Hilverson, Appellees.
Ronnie STACEY, Appellant,
v.
STATE of Florida, Appellee.
Henry WOLF, Appellant,
v.
STATE of Florida, Appellee.
Dennis Michael PICKLE, Appellant,
v.
STATE of Florida, Appellee.
John Bruce WEST, Appellant,
v.
STATE of Florida, Appellee.
Gilbert HILL, Appellant,
v.
STATE of Florida, Appellee.
Nos. LL-402, LL-419, MM-420, NN-258, OO-132 and OO-134.
District Court of Appeal of Florida, First District.
April 10, 1980.
Rehearing Denied May 16, 1980.
*1266 Robert L. Shevin, Atty. Gen., Richard W. Prospect and Doris E. Jenkins, Asst. Attys. Gen., for appellant in No. LL-402.
Gary R. Dunham, Asst. Public Defender, Starke, for appellees in No. LL-402.
Shon A. Saxon and Gary R. Dunham, Asst. Public Defenders, Starke, for appellants in Nos. MM-419, MM-420, NN-258, OO-132 and OO-134.
Robert L. Shevin, Atty. Gen., Richard W. Prospect and Doris E. Jenkins, Asst. Attys. Gen., for appellees in Nos. MM-419, MM-420, NN-258, OO-132 and OO-134.
PER CURIAM.
The issue presented is whether the placement of prisoners, suspected of criminal activity, in administrative confinement pending the ultimate disposition of the charges, coupled with prosecutorial delay, violates the due process and equal protection rights to such an extent as to justify dismissal of pending criminal charges. We think not.
Luke and Hilverson are both state prisoners. They allegedly committed an escape December 7, 1977. Both defendants had been recaptured by December 14, 1977, and were placed in administrative confinement. An information charging escape was filed August 21, 1978. First appearance and arraignment were held August 28, 1978.
The evidence presented revealed that pursuant to prison policy, inmates known or believed to have committed a criminal offense are placed in administrative confinement. In these types of cases, disciplinary hearings do not precede administrative confinement. Privileges enjoyed by inmates in the general population are either discontinued or circumscribed for those inmates placed in administrative confinement. While the inmates suspected of criminal activity remain in administrative confinement, prison officials investigate the alleged incidents and eventually report the matters to the state attorney. There is no time limitation as to when the matters are reported to the state attorney following completion of the prison investigation. The inmates remain in administrative confinement until final disposition of the charges, i.e., until a decision not to prosecute is reached or until the matters are disposed of by the courts. An inmate grievance procedure does exist to rectify unjust confinement in administrative confinement.
Luke and Hilverson filed separate motions to dismiss arguing that placement in administrative confinement coupled with the pre-indictment delay, deprived them of their rights guaranteed by Florida Rules of Criminal Procedure, violated their due process and equal protection rights, and infringed upon their right to effective assistance of counsel. The trial court granted the motions to dismiss finding that the cumulative effect of the aforementioned prison policy and the delay of the state's attorney *1267 in filing such charges defeated the fundamental due process rights of the defendants to such an extent that dismissal of the charges was required. Similar motions to dismiss were filed by the defendants, also state prisoners, in Case Numbers MM-419, MM-420, NN-258, OO-132, and OO-134. After these motions were denied, the defendants pleaded nolo contendere to the respective charges, each reserving the right to appeal the denial of his motion to dismiss.
We find that dismissal of the charges herein was improper. Placement of inmates in administrative confinement does not per se violate the constitution. See Sands v. Wainwright, 357 F. Supp. 1062, 1094 (M.D.Fla. 1973), vacated and remanded (for consideration by a three-judge district court), 491 F.2d 417 (5th Cir.1973), cert. denied, sub nom., Guajardo v. Estelle, 416 U.S. 992, 90 S.Ct. 2403, 40 L.Ed.2d 771 (1974). If placement in administrative confinement were improper, an administrative remedy was available to the defendants to challenge such confinement. The defendants did not utilize this administrative remedy to challenge their placement in administrative confinement. Further, prosecutorial delay, if within the statute of limitations, does not per se justify dismissal of charges. State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977), appeal dismissed, 352 So.2d 175 (Fla. 1977), cert. dismissed, 358 So.2d 134 (Fla. 1978). In each of the present cases, there was no showing of actual prejudice to the defendants sufficient to support a due process violation based upon prosecutorial delay. We find no basis to support dismissal of the charges herein.
Accordingly, the order granting the motions to dismiss in Case No. LL-402 is reversed and the cause is remanded for further proceedings. Since the motions to dismiss were properly denied, the judgments and sentences imposed in Case Nos. MM-419, MM-420, NN-258, OO-132, and OO-134 are each affirmed.
MILLS, C.J., and McCORD and LARRY G. SMITH, JJ., concur.