PER CURIAM.
In previous litigation, Sperry Builders, Inc., sought to foreclose a mechanic’s lien upon the subject real property in Dade County, Florida. The trial court entered a final judgment on December 3, 1979 to the effect that a first mortgage owned by a defendant-counterclaimant constituted a first lien on the property and that plaintiff’s mechanic’s lien was secondary. The mortgage lien referred to was foreclosed in its status of first lien priority over all other liens asserted against the subject property, which was ordered to be sold pursuant to applicable law. The final judgment concluded by retaining jurisdiction of the cause:
to enter further orders as are proper including, without limitation, writs of assistance and deficiency judgments and attorney’s fees. Jurisdiction of this action is retained to adjudicate the rights and responsibilities by and between the defendants herein in and to the subject note and mortgage.
Plaintiff’s appeal of said final judgment was duly filed and, while pending, plaintiff filed in the trial court a “First Amended Complaint to Secure Judgments at Law for Conspiracy and Defraud.” Thereafter, upon motion by appellee the referred to appeal was dismissed by order of this court entered July 14, 1980, 386 So.2d 1327 (Fla. App.). Thereafter, the cause came on to be heard by the trial court upon plaintiff’s motion to amend its complaint and motions to dismiss. The trial court entered its order that by virtue of the appeal referred to, it “has lost jurisdiction of the cause and for that reason refuses to rule on any and all motions heard and pending at this time.” It is from that order of August 27, 1980, this appeal is perfected.
It is basic that upon the dismissal of the appeal, jurisdiction of the trial court was reactivated to consider and rule upon any and all motions and pleadings pending in the cause. We express no opinion as to the legal sufficiency of any pending motion or pleading.
Reversed with directions to proceed further with the cause in harmony with the views herein expressed.