SMITH, Judge.
We reverse appellant’s conviction of the crime of escape on the ground that the trial court’s prior order dismissing the information, appealed to but not reversed by this court, barred the subsequent prosecution of appellant on the same charge.
The facts are simple and not in dispute. An information was filed charging appellant with the offense of escape from Union Correctional Institution. On motion of the defendant, the trial court dismissed the information based upon deprivations of appellant’s rights to speedy trial, right to counsel, due process and equal protection. The state appealed this dismissal order to this court, which was docketed as Case No. LL-44. Thereafter, upon motion of the state, this court granted a stay of appellate proceedings until identical issues upon which the trial court based its dismissal order were decided in the case of State v. Luke, 382 So.2d 1265 (Fla. 1st DCA 1980). This court’s decision in State v. Luke held that the placement of prisoners in administrative confinement pending ultimate disposition of the charges, coupled with prosecu-torial delay, did not violate due process and equal protection rights of prisoners, and that dismissal of pending criminal charges against Luke and others was error.
Subsequent to the rendition of our State v. Luke decision, the state inexplicably filed a motion to dismiss its prior appeal in Morley’s case, which was granted by this court.
*260 Subsequent to dismissal of Morley s prior appeal, the prosecution was resumed in the Circuit Court, under the same information previously dismissed, without objection by appellant on the grounds now asserted on this appeal. The state argues that since the parties in the trial court apparently proceeded on the assumption that this court’s action (in dismissing the state’s appeal following the ruling favorable to the state in State v. Luke, supra) was a ruling adverse to appellant Morley, and had the effect of reinstating the dismissed information, appellant should not now be heard to contend otherwise. Although sensitive to the state’s claim that fundamental fairness dictates a ruling upholding the conviction below, we are nevertheless persuaded that the jurisdictional issues presented on this set of facts are beyond the reach of the state’s fairness argument.
Appellant was brought to trial on charges which had been dismissed by a trial court order that had become a final order of dismissal because never reversed by this court on appeal. Under these circumstances, we are bound to follow the rule that where an appeal is dismissed, “that dismissal leaves the trial court’s judgment in the same status as if no appellate proceeding had ever been taken, and its effectiveness as an estoppel remains unimpaired.” 32 Fla.Jur.2d., Judgments and Decrees § 147; Collins v. Hall, 117 Fla. 282, 157 So. 646 (1934), 99 A.L.R. 1086. “A criminal prosecution presupposes the existence of a valid accusation charging a crime against the defendant. Such an accusation in some form is an essential requisite of jurisdiction which cannot be waived.” Caves v. State, 303 So.2d 658, 659 (Fla. 2nd DCA 1974). We have considered whether jurisdiction of the trial court to proceed with the prosecution might be upheld on the theory that the information, although previously dismissed, was implicitly refiled, but conclude that principles of res judicata, law of the case, and estoppel are applicable. The state may not refile an information if barred by a previous final order of dismissal with prejudice. State v. Anders, 388 So.2d 308 (Fla. 3rd DCA 1980); State v. Schafer,, 376 So.2d 927 (Fla. 2nd DCA 1979); Rawlins v. Kelley, 322 So.2d 10 (Fla.1975); and Pena v. Schultz, 245 So.2d 49 (Fla.1971). The dismissal here was predicated upon grounds which would not permit refiling of another information by the state on the same charges.
The state’s contention that by failing to object on jurisdictional grounds in the trial court appellant is barred from asserting these grounds here is without merit. The state’s failure to proceed with the appeal in this court left the order dismissing the information in effect, thereby terminating the trial court's jurisdiction over the offense charged.
The judgment of conviction is REVERSED.
WIGGINTON and NIMMONS, JJ., concur. •