COBB, Chief Judge.
The defendant, Roy Wander, was charged with trafficking in cocaine in March, 1983. He moved to dismiss, challenging the constitutionality of section 893.-135(l)(b), Florida Statutes (1983). The motion was granted by the trial judge in an order filed March 28, 1983, which stated that the ground of the dismissal was unconstitutionality of the statute.
The state appealed the dismissal order. While the appeal was pending, the state filed a notice of voluntary dismissal, stating in the notice that it intended to refile the information. Based on the notice, this court dismissed the appeal in August, 1983.
The state subsequently refiled the information, relying on the intervening decision of the Florida Supreme Court in State v. Kaufman, 430 So.2d 904 (Fla.1983), which *84 upheld the constitutionality of the trafficking statute. The defense, of course, moved to dismiss on the ground, inter alia, of res judicata. The denial of this motion is the dispositive issue on the instant appeal.
When the state dismissed its prior appeal, that dismissal left the trial court’s judgment in the same status as if no appeal had ever been taken. Collins v. Hall, 117 Fla. 282, 157 So. 646 (1934). Therefore, that original judgment operated as an es-toppel against the refiling of the same trafficking charge. See Morley v. State, 446 So.2d 259 (Fla. 1st DCA 1984); Kearns v. Korda, 400 So.2d 202 (Fla. 4th DCA 1981).
The principle of res judicata is applicable and, accordingly, we reverse and remand for discharge of the defendant.
REVERSED.
ORFINGER and COWART, JJ., concur.