PER CURIAM.
The appellant, Vincent Woods, seeks review of the five sentences imposed by the trial court. We reverse.
The appellant pled guilty to four charges of armed robbery and one charge of attempted armed robbery. A guidelines scoresheet was prepared which indicated a total score of 185 points and a corresponding sentencing range of nine to twelve years imprisonment. The trial court, however, departed from the guidelines range and imposed five concurrent twenty year terms of imprisonment to be followed by three concurrent five year terms of probation.[1]
In his timely appeal, the appellant correctly contends that the trial court improperly sentenced him based upon an inaccurate scoresheet. An examination of the appellant’s scoresheet reveals that his conviction for attempted armed robbery was scored as a first degree felony. Attempted armed robbery, however, is a second degree felony. See §§ 777.04(4)(b), 812.-13(2)(a), Fla.Stat. (1985). If this conviction had been properly scored as a second degree felony, the appellant’s total score would have been 181 points, and his corresponding sentencing range would hav' only been seven to nine years imprisonment. See Fla.R.Crim.P. 3.988(c). Thus, we must reverse the departure sentences imposed because we cannot determine whether the trial court would have imposed the same sentences if it had been aware of the correct sentencing range. See Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985).
In reversing the sentences imposed, we note that the trial court improperly assessed court costs against the appellant without providing statutory authority for doing so. See Brown v. State, 506 So.2d 1068 (Fla. 2d DCA 1987). In addition, although the appellant had been declared indigent, the trial court failed to provide notice that said costs would be imposed. See Jenkins v. State, 444 So.2d 947 (Fla.1984).
We, accordingly, reverse the appellant’s sentences and remand for resentenc-ing following the trial court’s review of a corrected scoresheet. Upon remand, the trial court may depart from the guidelines sentencing range by providing proper clear and convincing reasons in writing. Furthermore, our decision is without prejudice to the trial court’s ability to assess court costs against the appellant in accordance with Brown and Jenkins. In light of the foregoing disposition, we need not consider the other issues raised by the appellant.
Reversed and remanded.
SCHEB, A.C.J., and SCHOONOVER and HALL, JJ., concur.

. The trial court subsequently amended the sentences, but since the appellant had already filed his notice of appeal, the trial court was without jurisdiction to do so. Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1983).