COBB, Judge.
Petitioner, a juvenile, seeks a writ of prohibition to prevent further proceedings in a delinquency case. The state filed a petition alleging that the juvenile committed a delinquent act by unlawfully selling or delivering cocaine on June 6, 1989. A prior petition containing the identical allegations was dismissed because the state at the adjudicatory hearing was not prepared to present evidence and was unsuccessful in obtaining a continuance. In the order of dismissal the court specifically found that no evidence was presented and therefore the juvenile was not delinquent as charged. The state did not appeal the order of dismissal.
When the present petition alleging delinquency was filed, the juvenile moved to dismiss, claiming that the state was es-topped from refiling a petition alleging the same delinquent act. When the motion to dismiss was denied, the juvenile initiated this prohibition proceeding.
The order of dismissal in the prior case was a final order because it explicitly found that the juvenile had not committed the delinquent act as charged. The state’s refiling of the petition was a blatant attempt to circumvent the court’s final order of dismissal and the adverse ruling on its motion for continuance, and violates the constitutional prohibition against former jeopardy. Cf. Wander v. State, 471 So.2d 83 (Fla. 5th DCA 1985), review denied, 482 So.2d 349 (1986) (final order of dismissal operates as an estoppel against the refiling *612 of the same charge); Morley v. State, 446 So.2d 259 (Fla. 1st DCA 1984) (state may not refile an information if barred by a previous final order of dismissal with prejudice). Although the state contends that jeopardy did not attach, the order of dismissal was a consequence of the state’s failure to present evidence at the scheduled adjudicatory hearing, and therefore the order was similar to a judgment of acquittal in a criminal case.
Prohibition is a proper remedy to prevent a violation of the constitutional prohibition against double jeopardy. See Parce v. Byrd, 533 So.2d 812 (Fla. 5th DCA 1988), review denied, 542 So.2d 988 (1989). We therefore grant the petition, and issue the writ of prohibition to prevent further proceedings in Case No. JU89-2584.
PETITION GRANTED; WRIT ISSUED.
COWART and GOSHORN, JJ., concur.