637 So.2d 303 (1994)
Randy Edward BAGGETT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2464.
District Court of Appeal of Florida, First District.
May 18, 1994.
Rehearing Denied June 29, 1994.
Randy Edward Baggett, appellant pro se.
No appearance, for appellee.
PER CURIAM.
Randy Edward Baggett has appealed from an order of the trial court denying his motion for post-conviction relief pursuant to Fla. R.Crim.P. 3.850. We affirm.
On July 6, 1988, Baggett pled nolo contendere to burglary of a dwelling with a deadly weapon, aggravated assault, and two counts of kidnapping. The trial court accepted the plea, and imposed the agreed-upon sentence of 25 years plus 10 years probation. Baggett's appeal to this court (Case No. 88-2003) was dismissed by order of July 6, 1989. In July 1990, Baggett filed a 3.850 motion alleging ineffective assistance of counsel. The trial court denied the motion on its merits by order of July 25, 1990, and this court affirmed. Baggett v. State, 588 So.2d 69 (Fla. 1st DCA 1991).
Baggett filed the instant 3.850 motion on July 2, 1992, three years after this court's order dismissing his direct appeal. He again alleged ineffective assistance of counsel, and further alleged that his plea was involuntary and his sentence illegal, i.e., the trial court failed to give contemporaneous written reasons for its departure from the guidelines. The trial court denied the motion, finding it impermissibly successive as well as refuted by the record, portions of which were attached to the order.
We find that, as to the allegations of ineffective assistance of counsel and involuntariness of the plea, the instant motion was untimely filed. While a motion to vacate a sentence that exceeds the limits provided by law may be filed at any time, no other motion shall be filed or considered pursuant to Rule 3.850 if filed more than two years after the judgment and sentence became final (with certain exceptions inapplicable herein). Fla. R.Crim.P. 3.850(b). A judgment and sentence "become final" when direct review proceedings are concluded, and jurisdiction to entertain motions for post-conviction relief returns to the trial court. Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987).
Here, Baggett's direct appeal was dismissed by order of July 6, 1989. Therefore, he had until July 6, 1991 in which to file a motion pursuant to Rule 3.850. The instant motion was not filed until July 1, 1992. Thus, as to the allegations of ineffective assistance of counsel and involuntary plea, not only was the motion correctly denied on its *304 merits as refuted by the record, but also as untimely filed.
However, a motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. See Fla.R.Crim.P. 3.850(b). Baggett alleges that his sentence was illegal as exceeding the sentencing guidelines without contemporaneous written reasons supporting the departure. However, the maximum of the guidelines range for Baggett's offenses was 27 years. His sentence of 25 years incarceration plus 10 years probation is within that range. See Committee Note to Fla.R.Crim.P. 3.701(d)(12) (if a split sentence is imposed, the incarcerative portion shall not exceed the maximum of the range). Thus, no written reasons were required.
The order herein appealed is affirmed.
ZEHMER, C.J., SMITH, J., and WENTWORTH, Senior Judge, concur.