PER CURIAM.
The trial court denied appellant’s motion for post-conviction relief, finding the motion was not filed within the time limitations prescribed by rule 3.850, of the Florida Rules of Criminal Procedure, and the motion failed to allege either of the exceptions to the limitations period. We reverse, based upon an earlier decision of this court which expressly provided that the court’s prior affirmance of the denial of post-conviction relief was “without prejudice to Schofield to resubmit his motion to the trial court.” See Schofield v. State, 641 So.2d 172 (Fla. 1st DCA 1994) (Schofield, I).
In Schofield I, this court explained that affirmance of the prior order denying post-conviction relief was based upon the following grounds: the motion failed to provide the information required by rule 3.850(c)(2) and (3); and three supplemental documents which contained eleven additional grounds for relief, and set forth facts and law in support of each ground, though signed and notarized, did not contain a proper oath. In the instant motion and incorporated memorandum of law, appellant corrected the deficiencies addressed by this court in Schofield I. Our reversal of this case is not due to any *54 error in the trial court’s determination that the instant motion was untimely, but because this court’s prior decision implicitly authorized appellant to resubmit his motion for post-conviction relief, and did not specify a time within which the resubmitted motion was required to be filed. Rather, we conclude, based upon the decision in Schofield I, that appellant’s motion must be treated as timely filed and before the court for determination. Further, we suggest that in the future, should a panel determine that a defendant is entitled to re-submit a motion for post-conviction relief, a time limit should be placed on the period within which the resubmitted motion may be filed.
Accordingly, we reverse the order denying appellant’s motion for post-conviction relief, and remand with directions to consider and to rule upon the merits of the motion.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.