PER CURIAM.
James Lashley appeals the trial court’s summary denial of his motion for postcon-viction relief under Florida Rule of Criminal Procedure 3.850. We affirm on two of the three grounds raised, but reverse and remand on Lashley’s claim of receiving ineffective assistance of counsel.
In March 1998, Lashley was sentenced for two violations of probation. In case number 87-8669, grand theft, Lashley was sentenced for violating probation to five years in prison. In case number 91-4168, organized fraud, he was sentenced for violating probation to fifteen years in prison, followed by fifteen years of probation.
In his rule 3.850 motion, Lashley contests the latter sentence, noting that the guidelines scoresheet utilized by the trial court reflected a permitted sentencing range of two and one-half to nine years. Lashley argues that the fifteen-year sentence, an upward departure from the sentencing guidelines, was not accompanied by written reasons as required by section 921.0016(c), Florida Statutes (1997), and Florida Rule of Criminal Procedure 3.702(d)(18)(a). Lashley further claims that his attorney was ineffective for failing to have reviewed with him the presentence investigation (PSI) report and a copy of the guidelines scoresheet prior to sentencing.
The trial court order found the five-year sentence imposed in case number 87-8669 not to be in excess of the statutory maximum allowed by law. See § 775.082, Fla. Stat. (1997). The trial court order did not address the fifteen-year sentence issued in case number 91M168, although it did attach a copy of the judgment and sentence in that case. It also attached a copy of the guidelines scoresheet which lists that case, 91-4168, as the primary offense and reflects a permitted sentencing range of two and one-half to five and one-half years. There is no reference in the order or attachments to a sentence outside the guidelines, nor are there written reasons provided for such. The trial court order denied Lashley’s claim that his attorney was ineffective for failing to review with him the *1150 PSI and scoresheet prior to sentencing, holding that his motion failed to demonstrate how the omission affected the outcome of proceedings.
Lashley’s objection to the absence of written reasons for the departure is not cognizable in a motion brought pursuant to rule 3.850. See Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987). However, the allegation that Lashley’s attorney failed to review the materials central to his sentencing, and thus overlooked a crucial defect in his sentence, constitutes a facially sufficient claim that counsel was ineffective. See Pilkington v. State, 24 Fla. L. Weekly 1321, 734 So.2d 1153 (Fla. 2d DCA 1999.)
Accordingly, we remand the case to the trial court to hold an evidentiary hearing on this claim of ineffective assistance of counsel or to submit further record attachments which conclusively refute this claim.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and WHATLEY and SALCINES, JJ„ Concur.