PER CURIAM.
Appellant’s Florida Rule of Criminal Procedure 3.850 motion for postconviction relief was denied by the trial court on the basis that it is untimely filed. We affirm.
On appeal, appellant raises, for the first time, that he had filed an appeal of his sentence. The records of this court confirm appellant’s allegation. It, thus, appears appellant’s motion was timely filed. See, e.g., Huff v. State, 569 So.2d 1247, 1250 (Fla.1990). Florida Rule of Criminal Procedure 3.850(c)(2) requires a defendant to state in his motion whether or not he or she filed a direct appeal from the judgment and sentence at issue and, if so, the disposition of that appeal. Because appellant failed to comply with this requirement, the trial court’s order dismissing the motion as untimely filed was correct. We thus, affirm without prejudice to appellant filing a motion which complies with the requirements set out in the rule within thirty (30) days of this court’s mandate. See, e.g., Schofield v. State, 672 So.2d 53 (Fla. 1st DCA 1996); Flint v. State, 561 So.2d 1343, 1344 (Fla. 1st DCA 1990).
ERVIN, VAN NORTWICK AND BROWNING, JJ., CONCUR.