802 So.2d 526 (2001)
Keith Bernard BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-0633.
District Court of Appeal of Florida, First District.
December 31, 2001.
*527 Appellant, pro se.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
The appellant originally filed his motion for postconviction relief on January 22, 1999, and the trial court dismissed that motion as untimely. On appeal of that denial, we noted that the appellant's motion was not untimely because the two-year filing period provided for by Florida Rule of Criminal Procedure 3.850(b) had been tolled when the appellant timely appealed his new sentence. See Brown v. State, 756 So.2d 1084 (Fla. 1st DCA 2000). However, because the appellant had failed to state in his motion that he had previously filed a direct appeal as required by Florida Rule of Criminal Procedure 3.850(c)(2), we affirmed the trial court's denial of the appellant's motion without prejudice to the appellant to file a motion that complied with the requirements of that rule within thirty (30) days of the court's mandate. See id. The mandate issued on May 23, 2000.
The appellant timely refiled his rule 3.850 motion, this time complying with rule 3.850(c)(2). However, despite our opinion in Brown v. State, 756 So.2d 1084 (Fla. 1st DCA 2000), expressly authorizing the appellant to refile a compliant motion, the trial court again denied the appellant's motion as untimely.
The state argues that the direct appeal did not toll the time for filing a motion for postconviction relief pursuant to rule 3.850 because this Court dismissed the appeal on April 15, 1997, and because no mandate ever issued. However, "[a] judgment and sentence `become final' when direct review proceedings are concluded, and jurisdiction to entertain motions for post-conviction relief returns to the trial court." See Baggett v. State, 637 So.2d 303 (Fla. 1st DCA 1994), citing Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987). Therefore, regardless of whether a mandate ever issued in the appellant's *528 direct appeal, the jurisdiction of the trial court to entertain a postconviction motion was removed when the appellant timely filed his notice of appeal, and did not return to the trial court until this Court dismissed the appeal on April 15, 1997. Thus, it was on that date that the two-year clock embedded in rule 3.850 began to tick. See Fla. R.Crim. P. 3.850.
Because the appellant's original, January 22, 1999, motion was not untimely, we expressly authorized the appellant to refile a compliant motion. The appellant did so, and as his claims are facially sufficient, they must be addressed on the merits.
In his motion, the appellant states two claims. His first claim is that his counsel was ineffective for failing to review his sentencing guidelines scoresheet for accuracy, and that such failure resulted in a departure sentence being imposed. His second claim is that the trial court erred in imposing a departure sentence based on the erroneous scoresheet without providing written reasons for doing so. Both claims are facially sufficient. See Lashley v. State, 741 So.2d 1149 (Fla. 2d DCA 1999); see also Woods v. State, 516 So.2d 52 (Fla. 2d DCA 1987).
We accordingly reverse the trial court's order denying the appellant's rule 3.850 motion as untimely, and remand for the trial court to hold an evidentiary hearing on the appellant's claims or to submit record attachments which conclusively refute them, or to resentence the appellant following the trial court's review of a corrected scoresheet.
REVERSED AND REMANDED.
DAVIS, BENTON, and BROWNING, JJ., CONCUR.