40 So.3d 36 (2010)
Z.C.B., Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-3604.
District Court of Appeal of Florida, Second District.
June 25, 2010.
Rehearing Denied August 10, 2010.
*37 James Marion Moorman, Public Defender, and Robert F. Moeller, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Z.C.B. challenges the disposition order adjudicating him delinquent on a charge of possession of cannabis, less than twenty grams. He argues that the trial court erred by adjudicating him delinquent after having dismissed the petition, denying his motion to suppress, and imposing $115 court costs. Based on the State's concession, we reverse on the court cost issue but affirm as to the other grounds raised.
Z.C.B. appeared before the trial court on three separate juvenile delinquency petitions. These three cases and several others were on the docket for trial. During what appears from the record to be a docket call at the beginning of the day, Z.C.B.'s cases were called. The State responded that the victim in one case and the police officer witness in another had not appeared but that it was ready to proceed on the third case, which involved an affray charge. This announcement prompted Z.C.B.'s counsel to move to dismiss for lack of prosecution the case in which the victim had failed to appear. The trial court delayed a ruling on that motion, advising that it would handle all three cases together. The cases were then passed while the trial court moved on with the docket.
Later in the morning, Z.C.B.'s cases were again called and the State advised the court that it was ready to proceed to trial on the affray case. The court set that case for trial later that morning. When the State advised the court that the witnesses in the other two cases had still not arrived, Z.C.B.'s counsel again moved to dismiss those cases with prejudice for lack of prosecution. The trial court granted the motion "with prejudice." The trial court then dismissed Z.C.B. from the courtroom to await his trial on the remaining affray case.
When the parties returned later that morning for the affray trial, the State advised the court that the police officer witness in its second case against Z.C.B. actually had been present the entire time. Upon learning this, the trial court announced: "The officer was here? Okay. ... [T]hat motion to dismiss, just strike all of that. I'm going to go ahead and we'll still be set for trial." Z.C.B.'s attorney then renewed his motion to suppress, and the suppression hearing in that *38 case, which involved a marijuana charge, was set for later that day.
Following that hearing, the trial court denied the motion to suppress and Z.C.B. entered a no contest plea reserving his right to appeal the denial of the dispositive motion. The trial court accepted Z.C.B.'s plea and placed him on probation, the terms of which included paying $115 in court costs, performing twenty hours of community service, and observing a curfew. There was never a hearing held in which evidence as to Z.C.B.'s guilt or innocence was received.
On appeal, Z.C.B. argues that the trial court erred in adjudicating him delinquent after the court previously had dismissed the petition with prejudice. We disagree, however, because jeopardy never attached.
In R.A.C. v. State, 736 So.2d 718 (Fla. 2d DCA 1999), which ultimately was decided on a jurisdictional issue, this court defined when jeopardy attaches. In that case, on the day of R.A.C.'s adjudicatory hearing, the witnesses were sworn and the State advised the trial court that R.A.C. had filed a motion to suppress. The court conducted a suppression hearing and orally granted the motion. The State advised that, considering the court's ruling, it was not ready to proceed to trial at that time. R.A.C. moved to dismiss, and the court orally granted the motion.
No written orders were entered memorializing these decisions, but the following week, the trial court unexplainably entered a written order denying the motion to suppress and setting aside the order of dismissal. Three days later, the trial court entered another written order dismissing the petition. The three petitions were then inexplicably brought before the court for an adjudicatory hearing, and the trial court found R.A.C. delinquent.
On appeal, R.A.C. argued that the trial court erred by violating his rights against double jeopardy. This court disagreed, reasoning that although the case was originally set for an adjudicatory hearing, the sworn witnesses and testimony taken only addressed the motion to suppress.[1]Id. at 719. This court clearly stated, "Jeopardy does not attach in a nonjury trial until the court begins to hear evidence upon which it can base a determination of guilt or innocence of the charged offense." Id. But see D.L.B. v. Kirk, 551 So.2d 611, 612 (Fla. 5th DCA 1989) ("[T]he order of dismissal was a consequence of the State's failure to present evidence at the scheduled adjudicatory hearing, and therefore the order was similar to a judgment of acquittal in a criminal case."). Here, because Z.C.B.'s suppression hearing was not adjudicatory, jeopardy had not attached when the trial court called on the State to begin that hearing. Accordingly, we affirm Z.C.B.'s adjudication of delinquency.
We also affirm, without comment, the trial court's denial of the motion to suppress. However, Z.C.B. is correct that it was error for the trial court to impose $115 in court costs. The statute allows for such an amount to be imposed in conjunction with a felony charge, see § 775.083(2), Fla. Stat. (2008); however, Z.C.B. was adjudicated delinquent for a misdemeanor offense. We therefore reverse the imposition of the $115 court cost and remand for *39 the trial court to impose the correct amount.
Affirmed in part, reversed in part, and remanded.
WHATLEY and KHOUZAM, JJ., Concur.
NOTES
[1] We note that R.A.C. does not address whether the motion to suppress was dispositive. We note that Florida Rule of Juvenile Procedure 8.085(2) does authorize the trial court to grant certain pretrial motions to dismiss. However, nowhere do the rules authorize such a granting to be with prejudice. When jeopardy has not attached, there is nothing in the rules to preclude the trial court from setting aside a so-called "dismissal with prejudice." See Fla. R. Juv. P. 8.130.