IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVID E. ISOM,

　　　　Appellant,

v.　　　　　　　　　　　　　　　　Case No.　5D22-763
　　　　　　　　　　　　　　　　　LT Case Nos. 05-2017-CF-021896-A
　　　　　　　　　　　　　　　　　　　　　　05-2017-CF-055902-A

STATE OF FLORIDA,

　　　　Appellee.

_____/

Opinion filed June 3, 2022

3.850 Appeal from the Circuit Court
for Brevard County,
Steve C. Henderson, Judge.

David E. Isom, Jasper, pro se.

No Appearance for Appellee.


PER CURIAM.

　　　　David E. Isom appeals the postconviction court's order summarily

denying the Florida Rule of Criminal Procedure 3.850 motion that he filed in

circuit court case numbers 05-2017-CF-021896 and 05-2017-CF-055902.

The court concluded that Isom's motion was untimely because it had not been filed within two years of the judgment and sentence becoming final in each case and that none of the exceptions to this two-year filing requirement, provided in subsections (b)(1)–(3) of the rule, were alleged.

As to case number 05-2017-CF-021896, we affirm the postconviction court's order without further discussion. However, for the following reasons, we conclude that Isom's motion was timely filed in case number 05-2017-CF-055902.

Isom previously appealed the judgment and sentence imposed in case number 05-2017-CF-055902 following his nolo contendere plea to the charge of introducing contraband into a jail. On June 12, 2020, we dismissed Isom's direct appeal; but we did so without prejudice to his "right to seek appropriate and timely postconviction relief below." *Isom v. State*, 325 So. 3d 924, 925 (Fla. 5th DCA 2020). Isom thus had two years from June 12, 2020, to file his rule 3.850 motion for postconviction relief. *See Joseph v. State*, 835 So. 2d 1221, 1222 (Fla. 5th DCA 2003) (recognizing that "[t]he two-year limitation period [under rule 3.850] began to run on the date this court dismissed [the defendant's] appeal even though no mandate was issued by the appellate court" (citing *Brown v. State*, 802 So. 2d 526, 527–28 (Fla. 1st DCA 2001))); *see also Baggett v. State*, 637 So. 2d 303, 303

2

(Fla. 1st DCA 1994) ("A judgment and sentence 'become final' when direct review proceedings are concluded, and jurisdiction to entertain motions for post-conviction relief returns to the trial court." (citing *Ward v. Dugger*, 508 So. 2d 778, 779 (Fla. 1st DCA 1987))).

Isom's instant rule 3.850 motion was filed in January 2022. This was less than two years from the dismissal of his direct appeal of his judgment and sentence in case number 05-2017-CF-055902, making his motion timely filed as to that case. We therefore reverse the postconviction court's summary denial in that case, with directions that the court address the merits of grounds one and four of Isom's motion.[1]

AFFIRMED as to circuit court case number 05-2017-CF-021896; REVERSED and REMANDED, with directions, as to circuit court case number 05-2017-CF-055902.

LAMBERT, C.J., WALLIS and NARDELLA, JJ., concur.

---

[1] We express no position on the merits of either claim raised.

3