# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1490
Lower Tribunal No. F20-14622B

_____

**Julio J. Garcia,**

Appellant,

vs.

**The State of Florida,**

Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Lody Jean, Judge.

Julio J. Garcia, in proper person.

James Uthmeier, Attorney General, and Daniel Colmenares, Assistant Attorney General, for appellee.

Before LINDSEY, MILLER, and GORDO, JJ.

PER CURIAM.

Affirmed. See Sperry Builders, Inc. v. Dewbar Dev. Corp., 400 So. 2d 192, 193 (Fla. 3d DCA 1981) ("It is basic that upon the dismissal of the appeal, jurisdiction of the trial court was reactivated to consider and rule upon any and all motions and pleadings pending in the cause."); Brown v. State, 802 So. 2d 526, 527 (Fla. 1st DCA 2001) ("The state argues that the direct appeal did not toll the time for filing a motion for postconviction relief pursuant to rule 3.850 because this Court dismissed the appeal on April 15, 1997, and because no mandate ever issued. However, '[a] judgment and sentence "become final" when direct review proceedings are concluded, and jurisdiction to entertain motions for post-conviction relief returns to the trial court.'") (quoting Baggett v. State, 637 So. 2d 303 (Fla. 1st DCA 1994)) (brackets in original); see also Ge v. Swearingen & Assocs., Inc., 328 So. 3d 58, 60 (Fla. 5th DCA 2021) ("When the circuit court sua sponte dismissed the appeal and neither side sought further appellate review, that had the effect of restoring the 2017 order to full effectiveness. [W]here an appeal is dismissed, that dismissal leaves the trial court's judgment in the same status as if no appellate proceeding had ever been taken, and its effectiveness as an estoppel remains unimpaired.") (quoting Morley v. State, 446 So. 2d 259, 260 (Fla. 1st DCA 1984)) (brackets in original) (internal quotation marks omitted).